| Index of Exhibits to Notice of Removal | | |
|---|---|---|
| **Exhibit** | **Description** | **Pages** |
| A | State Court Pleadings | 1 – 77 |
| B | Federal Complaint | 78 - 91 |

# EXHIBIT A

FILED
...COUNTY

1 | DENNIS A. CAMMARANO/BAR NO. 123662
JEREMY B. GARD/BAR NO. 269265
2 | CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
3 | Long Beach, California 90802
Telephone: (562) 495-9501
4 | Facsimile: (562) 495-3674

2012 JUL -5  AM 10: 44

CLERK-SI..................
SAN DIEGO COUNTY, CA.

5 | Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY CO.

6

7 | **VIA FAX**

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER

10

11 | STARR INDEMNITY & LIABILITY ) Case No.: 37-2012-00077348-CU-PN-SC
12 | CO. )
) **COMPLAINT FOR DAMAGES:**
13 | Plaintiff, )
) **1. NEGLIGENCE;**
14 | v. ) **2. CONVERSION**
)
15 | SAN DIEGO GAS & ELECTRIC )
COMPANY; and DOES 1 through 20, )
16 | inclusive )
)
17 | Defendants. )
)
18 | )
)
19 | )

20 | Plaintiff STARR INDEMNITY & LIABILITY CO., alleges as follows:

21 |     1.    Plaintiff, STARR INDEMNITY & LIABILITY CO., (hereinafter

22 | "STARR" or "Plaintiff") is an insurance corporation authorized to do business in

23 | the State of California with an office and place of business at 399 Park Avenue,

24 | 9th Floor, New York, New York, 10022. Plaintiff brings this action on its own

25 | behalf and on behalf of all others having any interest in the Cargo referred to

26 | below in that Plaintiff insured against the risks of loss alleged below.

27 |     2.    Plaintiff's insured, National City Grocery Outlet ("National City"),

28 | is in the business of the storage and sale of frozen foodstuffs and authorized to do

*Complaint for Damages*

1  business in the state of California with an address and place of business at 3446

2  Highland Avenue, National City, CA 91950.

3      3.    Plaintiff brings this action on its own behalf and on behalf of all other

4  having any interest in the property described below in that Plaintiff paid for

5  National City's loss and is subrogated to National City's rights regarding the

6  same.

7      4.    Defendant SAN DIEGO GAS & ELECTRIC COMPANY

8  ("SDG&E") is, and at all times mentioned herein was, a privately owned utility

9  duly organized pursuant to the Municipal Utility Act of California and existing

10  under the laws of the State of California with an address and principal place of

11  business at 101 Ash Street, San Diego, CA 92101.

12      5.    At all times herein mentioned, Defendant SDG&E as a common

13  carrier, supplied electricity for parts of San Diego County.  As part of these

14  responsibilities, Defendant SDG&E supplied electricity to Plaintiff's facility.

15      6.    Plaintiff has no knowledge of the true names and capacities of

16  Defendants sued herein as Does 1 through 20 inclusive, except that Plaintiff is

17  informed and believes, and on that basis alleges, the damages herein alleged were

18  proximately caused by Defendants' wrongful acts.  Plaintiff therefore sues these

19  Defendants by such fictitious names and Plaintiff will amend this complaint to

20  allege their true names and capacities when ascertained.

21      7.    Plaintiff is informed and believes, and on that basis alleges, that each

22  of the Doe Defendants were at all times herein mentioned the agent, servant,

23  employee or contractor of the other Defendants.

24      8.    According to reports, on September 8, 2011, in Phoenix, AZ, the

25  North Gila-Hassayampa 500 kV transmission line near Yuma, AZ tripped off line

26  due to negligent repair work resulting in a major power outage across Southwest

27  Arizona and into Southern California.  The power was not restored for many

28  hours.

*Complaint for Damages*                                       *Page 2*

1    9.    On September 8, 2011, at approximately 3:45 p.m., National City

2    reported losing power.  National City took immediate measures were to mitigate

3    the impact of the outage.  However, outside temperatures were approaching 100°F

4    and the temperature inside the facility rose to 85°F.  The product in the aisle

5    coolers were without refrigeration and exposed to extreme temperatures.

6    10.    On September 9, 2011, the owner of National City returned to the

7    store and discovered the store's electricity had been restored, but the freezers were

8    non-operational.  Power surges had occurred during the night of September 8,

9    2011, which caused an electrical failure in National City's refrigeration

10   compressors.

11   11.    By reason of the foregoing, National City suffered damaged product

12   and equipment.  Thus, Plaintiff has been damaged in the sum of $55,310.18, plus

13   miscellaneous expenses, interest and costs, no part of which has been paid by

14   Defendants despite demand therefor.

15   **FIRST CAUSE OF ACTION**

16   **NEGLIGENCE - PUBLIC ENTITY LIABILITY**

17   12.    Plaintiff refers to paragraphs 1 through 11, inclusive of this

18   complaint and incorporates them herein as though fully set forth.

19   13.    Plaintiff is informed and on the basis alleges that on dates prior to and

20   including September 8, 2011, Defendants SDG&E and Does 1 to 20 negligently

21   and carelessly operated the electricity in San Diego County.

22   14.    The operation, management, control, repair and maintenance of the

23   electricity in San Diego County by Defendants SDG&E and Does 1 to 20 were

24   unreasonable.  Accordingly, Defendants SDG&E and Does 1 to 20 cannot avail

25   themselves to the immunity afforded by California Government Code, §830.6.

26   15.    Further, Defendants SDG&E and Does 1 to 20 owed a duty of care

27   as a provider of a utility to monitor the serviceability of the electricity and to

28   properly maintain the technology that would have isolated the power outage to an

Exhibit A
003

1   area not including that serviced to National City. Defendants SDG&E and Does 1
2   to 20 breached their duty of care when they failed to monitor the serviceability of
3   the electricity and to properly maintain the electricity to ensure proper functioning.
4   The negligence of said Defendants, and each of them, foreseeably created a
5   dangerous condition which resulted in damage to National City.

6       16.   On September 8, 2011, National City's personal property, insured
7   by Plaintiff, was damaged and destroyed as a proximate result of the negligence of
8   Defendants SDG&E and Does 1 to 20 when the power outage occurred and
9   ensuing period until full, stable and smooth power level was restored. As a result,
10  Plaintiff suffered damage in an amount not less than $55,310.18.

11      17.   On or about April 6, 2012, Plaintiff's insured presented its claim to
12  Defendant SDG&E by delivering a Claims Form to the Claims Depatment of
13  SDG&E for damages and losses suffered, in compliance with California
14  Governmental Code §905 and the notice of claim guidelines set forth by SDG&E.
15  A true and correct copy of National City's notice of claim is attached as Exhibit
16  "A."

17      18.   On April 11, 2012, Defendant SDG&E provided written notice that
18  it rejected the claim by Plaintiff's insured.

19      19.   As a direct and proximate result of such conduct by Defendants
20  SDG&E and Does 1 to 20 , Plaintiff has been damaged in the sum of $55,310.18,
21  plus miscellaneous expenses, interest and costs, no part of which has been paid by
22  Defendants despite demand thereof.

23                    **SECOND CAUSE OF ACTION**
24                         **CONVERSION**

25      20.   Plaintiff refers to paragraphs 1 through 19, inclusive, of this
26  complaint and incorporates them herein as though fully set forth.

27      21.   Plaintiff is the subrogated insurer of National City. At all time
28  relevant to this litigation, National City owned the product and equipment that was

*Complaint for Damages*                                    *Page 4*

1     damaged due to the power outage and ensuing surges.

2          22.    On or around September 8, 2011, Defendants wrongfully interfered

3     with National City's interest in the damaged product when SDG&E and/or Does 1

4     to 20 allowed the failure of the technology which would have isolated the power

5     outage to a localized area and, the maintenance and repair of which were the sole

6     duty and responsibility of Defendants, causing damage to National City's personal

7     property.

8          23.    As a result of the failure to maintain and repair the isolation

9     technology by Defendants, National City's refrigerated products and refrigeration

10    compressors were damaged, preventing National City's use of the items.

11         24.    In so acting, Defendants converted the property.

12         25.    As a result, Plaintiff has been damaged in an amount not less than

13    $55,310.18, plus miscellaneous expenses, interest and costs, no part of which has

14    been paid by Defendants despite demand thereof.

15

16        WHEREFORE, Plaintiff prays for judgment as follows:

17        1.    For general damages in the principal sum of $55,310.18, plus

18    miscellaneous expenses, interest and costs;

19        2.    For pre-judgment at the rate of 10% per annum, from September 8,

20    2011;

21        3.    For post-judgment interest at the rate of 10% per annum;

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1     4.    For the costs of suit incurred herein; and;

2     5.    For such other and further relief as the Court may deem just and

3           proper.

4

5    Dated:     July 3, 2012           CAMMARANO LAW GROUP

6

7                           By: _____

                                    / /Dennis A. Cammarano

8                                   Jeremy B. Gard

                                   Attorneys for Plaintiff,

9                                   STARR INDEMNITY &

                                   LIABILITY CO.

10                                   316212.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Complaint for Damages*                                       Page 6

# Exhibit A

3162

# CLAIMS FORM

Mail or fax completed form to:

San Diego Gas & Electric
Attn: Claims Department
P. O. Box 129831
San Diego, CA  92112-SD1166

Telephone - 800/411-7343
Fax – 858/541-5737

| Name: Last Name   First Name | Spouse: Last Name   First Name | E-mail Address: |
|---|---|---|
| Starr Indemnity c/o Dennis Cammarano | | dcammarano@camlegal.com |

| Home Telephone: ( ) | Work Telephone: (562) 495-9501 | Cellular Telephone: ( ) |
|---|---|---|

| Mailing Address: 555 E. Ocean Blvd. | Apt No.: 501 | City: Long Beach | State: CA | Zip Code: 90802 |
|---|---|---|---|---|

| Incident Date: 9/8/11 | Time: 3:30 pm | Customer Account #: | Incident Address, Street, City, State, Cross Street: 3446 Highland Ave, National City, CA 91950 |
|---|---|---|---|

Description of Incident:

Grossly negligent repair in Yuma, AZ resulting in tripping of the North Gila-Hassayampa Sooku transmission line causing a major power outage across Arizona into Southern California.

**PROPERTY DAMAGE:** If SDG&E accepts liability for your property damage claim, we will reimburse you for the repair cost, replacement cost, or the actual cash value, whichever is less. Please provide us with copies of repair estimates, invoices, proof of purchase, or other supporting documentation. Our investigation of your claim is not an admission of liability or an indication that SDG&E is responsible for your damages.

| Make | Model No. | Date/Amount of Purchase | Repair Cost | Replace-ment Cost | Amount Claimed | COMPANY USE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**PERSONAL INJURY:** Other Losses (lost wages, lost revenue, medical expenses, etc.). Use additional paper if necessary.

Food loss, refrigerator repairs, migation expenses per attached survey

| Witnesses: (Name, Address, and Telephone): | Other |
|---|---|
| | |

| Have you contacted your insurance carrier? Yes  No | Name of Insurance Company and Claims Adjuster: Starr Indemnity | Telephone: (562) 495-9501 |
|---|---|---|

I understand that all documentation submitted in support of this claim will be reviewed by San Diego Gas & Electric Company.  I certify that the foregoing is true and correct.

Date: 4/6/12

Prepared by: Morgan Piercy

Exhibit A
008

FILED
COUNTY

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

2012 JUL -5  AM 10: 44

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT
VISTA COUNTY, CA.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAN DIEGO GAS & ELECTRIC COMPANY; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STARR INDEMNITY & LIABILITY CO.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT | CASE NUMBER:<br>*(Número del Caso):* 37-2012-00077348-CU-PN-SC |
|---|---|

SOUTH COUNTY, 500 3rd Avenue, Chula Vista, CA 91910

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis A. Cammarano, 555 E. Ocean Blvd., Suite 501, Long Beach, CA 90802

| DATE: **JUL 0 5 2012**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | V. Navarrete<br>**Deputy**<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Dennis A. Cammarano (SBN: 123662), Jeremy B. Gard (SBN: 269265)<br>CAMMARANO LAW GROUP    O/R: 3162<br>555 E. Ocean Blvd., Suite 501<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 495-9501    FAX NO.: (562) 495-3674<br>ATTORNEY FOR (Name): Plaintiff, STARR INDEMNITY & LIABILITY CO. | FOR COURT USE ONLY<br><br>2012 JUL -5 AM 10: 44<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 500 3rd Avenue
MAILING ADDRESS: 500 3rd Avenue
CITY AND ZIP CODE: Chula Vista, CA 91910
BRANCH NAME: SOUTH COUNTY REGIONAL CENTER

CASE NAME:
STARR INDEMNITY & LIABILITY CO. V. SAN DIEGO GAS, ETC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2012-00077348-CU-PN-SC<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[✓] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 3, 2012

Dennis A. Cammarano
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

VIA FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A
011

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 500 Third Avenue |
| MAILING ADDRESS: | 500 Third Avenue |
| CITY AND ZIP CODE: | Chula Vista, CA 91910-5694 |
| BRANCH NAME: | South County |
| TELEPHONE NUMBER: | (619) 746-6200 |

| PLAINTIFF(S) / PETITIONER(S): | STARR INDEMNITY & LIABILITY CO |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | SAN DIEGO GAS & ELECTRIC COMPANY |
|---|---|

STARR INDEMNITY & LIABILITY CO VS. SAN DIEGO GAS & ELECTRIC COMPANY

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2012-00077348-CU-PN-SC |
|---|---|

Judge:  Kenneth J Medel                                    Department: S-07

**COMPLAINT/PETITION FILED:** 07/05/2012

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

NOTICE OF CASE ASSIGNMENT
Exhibit A
012



# Superior Court of California
# County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 90 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

Exhibit A
013

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:  500 Third Avenue

MAILING ADDRESS:  500 Third Avenue

CITY, STATE, & ZIP CODE: Chula Vista, Ca 91910-5649

BRANCH NAME:  South County

PLAINTIFF(S):  STARR INDEMNITY & LIABILITY CO

DEFENDANT(S): SAN DIEGO GAS & ELECTRIC COMPANY

SHORT TITLE:  STARR INDEMNITY & LIABILITY CO VS. SAN DIEGO GAS & ELECTRIC COMPANY

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2012-00077348-CU-PN-SC |
|---|---|

Judge: Kenneth J Medel                                     Department: S-07

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____          _____
Name of Plaintiff                                            Name of Defendant

_____          _____
Signature                                                       Signature

_____          _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____          _____
Signature                                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  07/05/2012                                          _____
                                                                       JUDGE OF THE SUPERIOR COURT

Exhibit A
014

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO**<br><br>STREET ADDRESS:     500 Third Avenue<br><br>MAILING ADDRESS:     500 Third Avenue<br><br>CITY, STATE, & ZIP CODE: Chula Vista, Ca  91910-5649<br><br>BRANCH NAME:       South County | *FOR COURT USE ONLY* |

| |
|---|
| PLAINTIFF(S):    STARR INDEMNITY & LIABILITY CO |
| DEFENDANT(S):  SAN DIEGO GAS & ELECTRIC COMPANY |
| SHORT TITLE:     STARR INDEMNITY & LIABILITY CO VS. SAN DIEGO GAS & ELECTRIC COMPANY |

| **STIPULATION TO USE ALTERNATIVE**<br>**DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2012-00077348-CU-PN-SC |
|---|---|

Judge: Kenneth J Medel                                          Department: S-07

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                        ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____              Date: _____

_____       _____
Name of Plaintiff                                              Name of Defendant

_____       _____
Signature                                                         Signature

_____       _____
Name of Plaintiff's Attorney                                Name of Defendant's Attorney

_____       _____
Signature                                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  07/05/2012                                          _____
                                                                     JUDGE OF THE SUPERIOR COURT

Exhibit A
015

1  DENNIS A. CAMMARANO/BAR NO. 123662
    JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
    555 East Ocean Boulevard, Suite 501
3  Long Beach, California  90802
    Telephone: (562) 495-9501
4  Facsimile: (562) 495-3674

5  Attorneys for Plaintiff,
    STARR INDEMNITY & LIABILITY CO.

6

7

8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9      COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER

10

11  STARR INDEMNITY & LIABILITY  )  Case No.: 37201200077348CU-PN-
    CO.                      )              SC
12                         )
            Plaintiff,    )  **PROOF OF SERVICE RE**
13                       )  **SUMMONS AND COMPLAINT**
    v.                      )  **ON DEFENDANT SAN DIEGO**
14                       )  **GAS & ELECTRIC COMPANY**
    SAN DIEGO GAS & ELECTRIC  )
15  COMPANY;  and DOES 1 through 20,  )
    inclusive                  )
16                       )
           Defendants.    )
17    _____)

18      TO THE HONORABLE COURT:

19        Please file the attached Proof of Service re Summons and Complaint on

20  Defendant SAN DIEGO GAS & ELECTRIC COMPANY, served by substituted

21  service on July 18, 2012, with an effective date of July 28, 2012.

22

23  Dated:     July 26, 2012          CAMMARANO LAW GROUP

24

25                         By_____
                            Dennis A. Cammarano
26                         Attorney for Plaintiff,
                         NATIONAL UNION FIRE
27                         INSURANCE COMPANY
                         3162proof.wpd
28

*Proof of Service*

VIA FAX

FILED
~~COUNTY~~

2012 JUL 27  PM 2: 47

~~CLERK~~
SAN DIEGO COUNTY, CA.

FILED
COUNTY

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Dennis A. Cammarano, 123662<br>CAMMARANO LAW GROUP<br>555 East Ocean Blvd., Suite 50<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 495-9501<br>**ATTORNEY FOR** *(Name):* Plaintiff | **FOR COURT USE ONLY**<br>2012 MAY 27 PM 2: 47<br><br>SAN DIEGO COUNTY, CA. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Diego County
500 Third Avenue
Chula Vista, CA 91910-0000

| | |
|---|---|
| PLAINTIFF/PETITIONER: Starr Indemnity & Liability Co. | **CASE NUMBER:**<br>37201200077348CU-PN-SC |
| DEFENDANT/RESPONDENT: San Diego Gas & Electric Company | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>3162 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Civil Case Cover Sheet, Complaint, Notice Of Case Assignment, Notice Of Assignment To Imagin Department, ADR Information

**BY FAX**

3. a. Party served: San Diego Gas & Electric Company

   b. Person Served: Jennifer F. Jett – Person authorized to accept service of process

4. Address where the party was served: 101 Ash Street
   San Diego, CA 92101

5. I served the party
   b. by substituted service. On (date): 7/18/2012     at (time): 3:56 PM   I left the documents listed in item 2 with or
   in the presence of: STEVEN CHRISTIANSEN

   (1) (business)   a person at least 18 years of age apparently in charge at the office or usual place of business of
   the person to be served. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   San Diego Gas & Electric Company

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        Thomas Jason Parsha
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 78.90
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. 1817
          (iii) County SAN DIEGO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 7/20/2012

Thomas Jason Parsha
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]           **PROOF OF SERVICE OF SUMMONS**           Code of Civil Procedure, § 417.10

OL# 6784783

FILED
COUNTY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Dennis A. Cammarano, 123662<br>CAMMARANO LAW GROUP<br>555 East Ocean Blvd., Suite 50<br>Long Beach, CA 90802 | (562) 495-9501 | 2012 JUL 27 PM 2:47 |

ATTORNEY FOR (Name):  Plaintiff

Ref. No. or File No.
3162

CLERK CO... ...GR.. RT
SAN DIEGO COUNTY, CA.

Insert name of court, judicial district or branch court, if any:

Superior Court of California, San Diego County
500 Third Avenue
Chula Vista, CA 91910-0000

PLAINTIFF:

Starr Indemnity & Liability Co.

DEFENDANT:

San Diego Gas & Electric Company

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>37201200077348CU-PN-SC |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 7/20/2012, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

Summons, Civil Case Cover Sheet, Complaint, Notice Of Case Assignment, Notice Of Assignment To Imaging Department, ADR Information

BY FAX

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

San Diego Gas & Electric Company
Jennifer F. Jett
101 Ash Street
San Diego, CA 92101

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 78.90

Mikhail Globus
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 7/20/2012 at Los Angeles, California.

Mikhail Globus

OL# 6784783



**PROOF OF SERVICE**

FILED
...TH COUNTY

1

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2012 JUL 27 PM 2: 48

2

I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to
3 this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On July
26, 2012, I served the foregoing document(s) described as **PROOF OF SERVICE RE SUMMONS AND**
4 **COMPLAINT** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as
follows:

5

Michael Perez, Esq.
6 PEREZ & WILSON LLP
1420 Kettner Blvd., #600
7 San Diego, CA 92101

8

☐   **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.
9

☒   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at
10      Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing
correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal
11      service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary
course of business. I am aware that on motion of the party served, service is presumed invalid if postage
12      cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13   ☐   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s)
facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003
14      and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the
machine to print a transmission record of the transmission and the transmission record was properly issued
15      by the transmitting facsimile machine.

16   ☐   **BY FEDERAL EXPRESS.** I caused such envelope to be deposited at the Federal Express box at Long
Beach, California for guaranteed one day delivery with delivery charges prepaid. I am "readily familiar"
17      with the firm's practice of collection and processing correspondence and pleadings for delivery by Federal
Express delivery service. Under that practice, it would be deposited with the delivery service on that same
18      day with delivery charges thereon fully prepaid at Long Beach, California in the ordinary course of business
for delivery to the addressee(s)

19
Executed on July 26, 2012, at Long Beach, California
20
☒   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true
21      and correct.

22   ☐   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction
the service was made. I declare under penalty of perjury under the laws of the United States of America
23      that the foregoing is true and correct.

24

25                                                      Morgan H. Piercy

26

27

28

*Proof of Service*

FROM Advanced Attorney Services          (THU)SEP 13 2012  9:12/ST. 9:10/No. 5000610229 P 2

SUM-100

# SUMMONS ON FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

FOR COURT USE ONLY
SOLO PARA USO DE LA CORTE

2012 SEP 12 PM 2: 44

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAN DIEGO GAS & ELECTRIC COMPANY; ARIZONA PUBLIC
SERVICE COMPANY; PINNACLE WEST CAPITAL CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:** IMPERIAL IRRIGATION DISTRICT
*(LO ESTA DEMANDANDO EL DEMANDANTE):* FINANCING CORPORATION
WEST ERN ELECTRICITY
STARR INDEMNITY & LIABILITY CO. COORDINATING COUNCIL

CALIFORNIA INDEPENDENT SYSTEM OPERATOR and DOES 1 through 10, inclusive

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT
SOUTH COUNTY, 500 3rd Avenue, Chula Vista, CA 91910

CASE NUMBER:
*(Número del Caso):*
37201200077348CU-PN-SC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis A. Cammarano, 555 E. Ocean Blvd., Suite 501, Long Beach, CA 90802

DATE:    SEP 1 2 2012                    Clerk, by                         E. Delgado          , Deputy
*(Fecha)*                               *(Secretaria)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): California Independent System Operator
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
020

FROM Advanced Attorney Services          (THU)SEP 13 2012  9:10/ST. 8:10/No. 9300810220 P  9

1 | DENNIS A. CAMMARANO/BAR NO. 123662    2012 SEP 12  PM 2: 44
JEREMY B. GARD/BAR NO. 269265
2 | CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
3 | Long Beach, California 90802
Telephone: (562) 495-9501
4 | Facsimile: (562) 495-3674

5 | Attorneys for Plaintiff
STARR INDEMNITY & LIABILITY CO.

6 |

7 |                                                            **VIA FAX**

8 |        SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 |   COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER

10 |

11 |
STARR INDEMNITY & LIABILITY          Case No.: 37201200077348CU-PN-
12 | CO,                                              SC

13 |              Plaintiff,                 **FIRST AMENDED COMPLAINT
                                              FOR DAMAGES**
14 |       v.
                                            1. **NEGLIGENCE**;
15 | SAN DIEGO GAS & ELECTRIC             2. **CONVERSION**;
COMPANY, ARIZONA PUBLIC               3. **UNLAWFUL, UNFAIR AND
16 | SERVICE COMPANY; PINNACLE          DECEPTIVE BUSINESS
WEST CAPITAL CORPORATION;             PRACTICES CAL B&P 17200**
17 | IMPERIAL IRRIGATION DISTRICT
FINANCING CORPORATION;
18 | WESTERN ELECTRICITY
COORDINATING COUNCIL;
19 | CALIFORNIA INDEPENDENT
SYSTEM OPERATOR) and DOES 1
20 | through 10, inclusive

21 |

22 |

23 |       Plaintiff STARR INDEMNITY & LIABILITY CO., alleges as follows:

24 |          1.      Plaintiff STARR INDEMNITY & LIABILITY CO., (hereinafter

25 | "STARR" or "Plaintiff") is an insurance corporation authorized to do business in

26 | the State of California with an office and place of business at 399 Park Avenue,

27 | 9th Floor, New York, New York, 10022. Plaintiff brings this action on its own

28 | behalf and on behalf of all others having any interest in the Cargo referred to

First Amended Complaint for Damages

1    below in that Plaintiff insured against the risks of loss alleged below.

2         2.    Plaintiff's insured, National City Grocery Outlet ("National City"),

3    is in the business of the storage and sale of frozen foodstuffs and authorized to do

4    business in the state of California with an address and place of business at 3446

5    Highland Avenue, National City, CA 91950.

6         3.    Plaintiff brings this action on its own behalf and on behalf of all other

7    having any interest in the property described below in that Plaintiff paid for

8    National City's loss and is subrogated to National City's rights regarding the

9    same.

10        4.    Defendant SAN DIEGO GAS & ELECTRIC COMPANY

11   ("SDG&E"), is, and at all times mentioned herein was, a privately owned utility

12   duly organized pursuant to the Municipal Utility Act of California and existing

13   under the laws of the State of California with an address and principal place of

14   business at 101 Ash Street, San Diego, CA 92101.  At all times herein mentioned,

15   Defendant SDG&E as a common carrier, supplied electricity for parts of San

16   Diego County.  As part of these responsibilities, Defendant SDG&E supplied

17   electricity to Plaintiff's facility.

18        6.    Defendant IMPERIAL IRRIGATION DISTRICT FINANCING

19   CORPORATION ("IMPERIAL") sued here as DOE 1, is, and at all times

20   mentioned herein was, a California corporation with an address and principal

21   place of business at 333 East Barioni Boulevard, Imperial, California 92251.

22        7.    Defendant ARIZONA PUBLIC SERVICE COMPANY ("APS"), a

23   subsidiary of PINNACLE WEST CAPITAL CORPORATION ("PWCC") sued

24   here as DOE 2, is, and at all times mentioned herein was, a privately owned

25   Arizona corporation and utility with an address and principal place of business at

26   400 North 5th Street, MS 8695, Phoenix, Arizona 85004.

27   ///

28   ///

---

*First Amended Complaint for Damages*                                    *Page 2*

Exhibit A
022

8.     Defendant WESTERN ELECTRICITY COORDINATING COUNCIL ("WECC") sued here as DOE 3, is, and at all times mentioned herein was, a Utah not-for-profit corporation with an address and principal place of business at 155 North 400 West, Suite 200, Salt Lake City, Utah 84103.

9.     Defendant CALIFORNIA INDEPENDENT SYSTEM OPERATOR ("CAL ISO") sued here as DOE 4, is, and at all times mentioned herein was, a California corporation with an address and principal place of business at 250 Outcropping Way, Folsom, California 95630.

10.     Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 20 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damages herein alleged were proximately caused by Defendants' wrongful acts.  Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

11.     Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant, employee or contractor of the other Defendants.

12.     According to reports, on September 8, 2011, in Phoenix, AZ, the North Gila-Hassayampa 500 kV transmission line near Yuma, AZ tripped off line due to negligent repair work resulting in a major power outage across Southwest Arizona and into Southern California.  The power was not restored for many hours.

13.     The SDG&E blackout could have been prevented if Defendants had conducted long-term and short-term operational planning studies needed to understand certain vulnerabilities and their operational implications.  Specifically, their planning studies (1) did not adequately identify and study critical external facilities; (2) did not adequately analyze potential contingency scenarios; (3) were based on inaccurate models and invalid system operating limits (SOLs) and (4) did

1    not set up the protective reply plan according to FERC/NERC guidelines.

2        14.    Significant overloading occurred on three of IMPERIAL's 230/92 kV

3    transformers located at the Coachella Valley and Ramon substations, as well as on

4    Western Electricity Coordinating Council Path 44, located south of the San Onofre

5    Nuclear Generating Station in Southern California.

6        15.    The overloads had a ripple effect, as transformers, transmission lines,

7    and generating units tripped offline, initiating automatic load shedding throughout

8    the region. Path 44 carried all flows into the San Diego area as well as parts of

9    Arizona and Mexico. Eventually, the excessive loading on Path 44 initiated an

10   inter-tie separation scheme at San Onofre Nuclear Generating Station, designed to

11   separate SDG&E from Southern California Edison. The San Onofre Nuclear

12   Generating Station separation scheme separated SDG&E from Path 44, led to the

13   loss of the San Onofre Nuclear Generating Station nuclear units, and eventually

14   resulted in the complete blackout of San Diego.

15       16.    On September 8, 2011, at approximately 3:45 p.m., National City

16   reported losing power. National City took immediate measures were to mitigate

17   the impact of the outage. However, outside temperatures were approaching 100°F

18   and the temperature inside the facility rose to 85°F. The product in the aisle

19   coolers were without refrigeration and exposed to extreme temperatures.

20       17.    On September 9, 2011, the owner of National City returned to the

21   store and discovered the store's electricity had been restored, but the freezers were

22   non-operational. Power surges had occurred during the night of September 8,

23   2011, which caused an electrical failure in National City's refrigeration

24   compressors.

25       18.    By reason of the foregoing, National City suffered damaged product

26   and equipment. Thus, Plaintiff has been damaged in the sum of $55,310.18, plus

27   miscellaneous expenses, interest and costs, no part of which has been paid by

28   Defendants despite demand therefor.

## FIRST CAUSE OF ACTION

### NEGLIGENCE – PUBLIC ENTITY LIABILITY

19.   Plaintiff refers to paragraphs 1 through 18, inclusive of this complaint and incorporates them herein as though fully set forth.

20.   Plaintiff is informed and on the basis alleges that on dates prior to and including September 8, 2011, Defendants negligently and carelessly operated the distribution and electricity distribution to and in San Diego County.

21.   The operation, management, control, repair and maintenance of the electricity in San Diego County by Defendants were unreasonable.  Accordingly, Defendants cannot avail themselves to any immunity otherwise afforded to them by California Government Code, §830.6, or otherwise.

22.   Further, Defendants owed a duty of care as coordinators, planners, facilitators, distributors, transmitters, resource integration planners, data, analysis and study providers, mangers, wholesale and retail utility generators, transmitters, distributors and providers of electricity, and the monitoring of the serviceability of the electricity and to properly maintain the technology to isolate power outages to an area not including that serviced to National City.  Defendants breached their duty of care when they failed to monitor the serviceability of the electricity and to properly maintain the electricity to ensure proper functioning.  The negligence of said Defendants, and each of them, foreseeably created a dangerous condition which resulted in damage to National City.

23.   On September 8, 2011, National City's personal property, insured by Plaintiff, was damaged and destroyed as a proximate result of the negligence of Defendants when the power outage occurred and ensuing period until full, stable and smooth power level was restored.  As a result, Plaintiff suffered damage in an amount not less than $55,310.18.

24.   Plaintiff incorporates by reference the allegations of plaintiffs first amended complaint in the case entitled Busalachi et al. v. Arizona Public Service

1    Company, et al. pending under case number 12-CV-00298-H (RBB), a copy of

2    which is attached herto.

3        25.    On or about April 6, 2012, Plaintiff's insured presented its claim to

4    Defendants in care of SDG&E by delivering a Claims Form to the Claims

5    Department of SDG&E for damages and losses suffered, in compliance with

6    California Governmental Code §905.

7        26.    On April 11, 2012, Defendant SDG&E provided written notice that

8    the claim by Plaintiff's insured was rejected.

9        27.    As a direct and proximate result of such conduct by Defendants,

10   Plaintiff has been damaged in the sum of $55,310.18, plus miscellaneous

11   expenses, interest and costs, no part of which has been paid by Defendants despite

12   demand thereof.

13                    **SECOND CAUSE OF ACTION**

14                            **CONVERSION**

15       28.    Plaintiff refers to paragraphs 1 through 27, inclusive, of this

16   complaint and incorporates them herein as though fully set forth.

17       29.    Plaintiff is the subrogated insurer of National City.  At all time

18   relevant to this litigation, National City owned the product and equipment that was

19   damaged due to the power outage and ensuing surges.

20       30.    On or around September 8, 2011, Defendants wrongfully interfered

21   with National City's interest in the damaged product when they allowed the failure

22   of the technology which would have isolated the power outage to a localized area

23   and, the maintenance and repair of which were the sole duty and responsibility of

24   Defendants, causing damage to National City's personal property.

25       31.    As a result of the failure to maintain and repair the isolation

26   technology by Defendants, National City's refrigerated products and refrigeration

27   compressors were damaged, preventing National City's use of the items.

28       32.    In so acting, Defendants converted the property.

*First Amended Complaint for Damages*                                        *Page 6*

33.     As a result, Plaintiff has been damaged in an amount not less than $55,310.18, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand thereof.

**SECOND CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICE UNDER CALIFORNIA BUS. &PROF.**

**CODE 17200**

34.     Plaintiff refers to paragraphs 1 through 33, inclusive, of this complaint and incorporates them herein as though fully set forth.

35.     Plaintiff is the subrogated insurer of National City. At all time relevant to this litigation, National City owned the product and equipment that was damaged due to the power outage and ensuing surges.

36.     Defendants are guilty of those number acts identified in the amended complaint of the related matter which constitute a violation of the California Business and Professions Code 17200 ("B&P 17200") which the court has already ruled upon state a valid cause of action. Plaintiff herein also incorporates by reference the Federal Nuclear and Regulatory Commission report which was made part of Defendants' motion to dismiss in the related matter which the court accepted by the court without objection.

37.     As a result of such acts and practices, Defendants have committed one or more acts or failures violative of the B&P 1700 causing damage to Plaintiff and requiring injunctive, declaratory and corrective relief.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For general damages in the principal sum of $55,310.18, plus miscellaneous expenses, interest and costs;

2.     For pre-judgment at the rate of 10% per annum, from September 8, 2011;

3.     For post-judgment interest at the rate of 10% per annum;



4.    For the costs of suit incurred herein; and;

5.    For such other and further relief as the Court may deem just and proper.

Dated:        September 11, 2012          CAMMARANO LAW GROUP

                                          By: _____
                                          Dennis A. Cammarano
                                          Jeremy B. Gard
                                          Attorneys for Plaintiff,
                                          STARR INDEMNITY &
                                          LIABILITY CO.

                                          3162amend comp.wpd

1                                    **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On

4   September 11, 2012, I served the foregoing document(s) described as **FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as

5   follows:

6   Michael Perez, Esq.
     PEREZ & WILSON LLP

7   1420 Kettner Blvd., #600
     San Diego, CA 92101

8

9   ☐     **BY PERSONAL DELIVERY**. I delivered such envelope by hand to the offices of the addressee.

10   ☒     **BY MAIL**. I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing

11         correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary

12         course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14   ☐     **BY FACSIMILE TRANSMISSION**. I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003

15         and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued

16         by the transmitting facsimile machine.

17   ☐     **BY OVERNIGHT CARRIER**. I caused such envelope(s) to be given to an overnight mail service at Long Beach, California, to be hand delivered to the office of the addressee(s) on the next business day.

18   ☐     **BY E-MAIL**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I

19         caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic transmission, any electronic message or other

20         indication that the transmission was unsuccessful.

     Executed on September 11, 2012, at Long Beach, California.

21

22   ☒     **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23   ☐     **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America

24         that the foregoing is true and correct.

25

26                             Morgan H. Piercy

27

28

_First Amended Complaint for Damages_          Page 9

# Attachment 1

1  **HIDEN, ROTT & OERTLE, LLP**
   A Limited Liability Partnership
2   Including Professional Corporations
   MICHAEL IAN ROTT, ESQ.   (C.S.B. 169468)
3  ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
   2635 Camino del Rio South, Suite 306
4  San Diego, California 92108
   Telephone: (619) 296-5884
5  Facsimile:  (619) 296-5171

6  *Attorneys for Antonino Busalacchi, Anis Ben Hadj Yahia, Joe Syriani on behalf of themselves and*

7  *all others similarly situated.*

FILED
CIVIL BUSINESS OFFICE C-
CENTRAL DIVISION

2012 JAN -5  PM 1: 37

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

10

11                                              CASE NO.: 37-2012-00090185-25-CU-CR-

12  ANTONINO BUSALACCHI, ANIS
    BEN ADJ YAHIA, JOE SYRIANI, on         **CLASS ACTION COMPLAINT FOR**
13  behalf of themselves and all others     **DAMAGES, INJUNTIVE RELIEF AND**
    similarly situated,                     **RESTITUTION**
14
                                            1.  **Negligence**
15         Plaintiffs,                       2.  **Nuisance**
                                            3.  **Unlawful Business Practice in**
16                                              **Violation of Bus. & Prof. Code**
           v.                                   **§17200,** *et seq.*
17
    ARIZONA PUBLIC SERVICE
18  COMPANY, an Arizona Corporation;       **JURY TRIAL DEMANDED**
    PINNACLE WEST CAPITAL
19  CORPORATION, an Arizona
    Corporation; SAN DIEGO GAS &
20  ELECTRIC COMPANY, a California
    Corporation; and DOES 1 through 100,
21  inclusive.

22         Defendants.

23        Plaintiffs, on behalf of themselves and all others similarly situated, based on the

24  investigation of counsel, the existing public record and on information and belief, alleges as

25  follows:

26  ///

27  ///

28

                                            1.

                          CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1.     As set forth fully herein, the issue in this case is quite simple. Defendant, Arizona Public Service Company (herinafter "APS"), negligently operated and maintained their North Gila substation such that it caused power failure in San Diego County, Imperial County, Orange County, and Riverside County.  Power was lost for the approximate 1.4 million SDG&E customers in San Diego County for about 12 hours.  As a result of this power failure, Plaintiffs and the class were damaged when they had to discard their perishable food because the food spoiled when their refrigerators lost power.  In essence, Plaintiffs seek damages for loss of perishable inventory as a result of interrupted electrical service.

2.     According to a press release by APS, a subsidiary of Pinnacle West Capital Corporation (hereinafter "PWCC"), the North Gila – Hissayampa 500 kV transmission line near Yuma, AZ, tripped off line resulting in a "major power outage…." Cause of Widespread Outage Under Investigation

APS Works to Restore Service to Customers in Yuma Area. September 8, 2011 http://www.aps.com/main/news/releases/release_673.html (Accessed September 9, 2011).

3.     APS states on their own website that, "The outage appears to be related to a procedure an APS employee was carrying out in the North Gila substation,…" Ibid.  Defendant's employee was grossly-negligent when he/she carried out the procedure that caused the power outage, in that he failed to take required steps to ensure that the procedure would not cause a power outage. Defendants were further negligent in their hiring and training of their employee, who should have been able to carry out the procedure without causing the transmission line to go off-line. Defendants should be held vicariously liable for employee's actions, since employee was operating within the scope of his/her employment with Defendant.

4.     Additionally, APS admits that "operating and protection protocols typically would have isolated the resulting outage to the Yuma area." Ibid. However, the outage was not isolated to the Yuma area.  At approximately 3:30 p.m. on Thursday, September 8, 2011 the power went out in San Diego, San Diego County, Imperial County, Orange County, and Riverside County. Defendant negligently failed to establish and maintain proper operating and protection protocols to

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

2

1  prevent residents from California, including San Diego County, Imperial County, Orange County,

2  and Riverside County residents from loosing power.  Had such operating and protection protocols

3  worked, the power outage would not have occurred outside of Yuma.

4  5.      According to one source, in a news conference Michael Niggli, SDG&E's president and

5  chief operating officer, attributed blame on the catastrophic event at APS by comparing the power

6  grid to a quiet pond, stating that: "When somebody throws a rock in there, it causes ripples.

7  Depending on how big that rock is, those ripples are going to affect everyone that's in that pond,"

8  The Huffington Post, Southwest Power Outage: Blackout A Reminder Of Power Grid

9  Vulnerabilities, September 10, 2011, http://www.huffingtonpost.com/2011/09/10/southwest-

10  power-outage-vulnerabilities_n_956514.html? (Accessed September 10, 2011)

11  6.      Plaintiff Antonio Busalacchi was out of power at his residence in San Diego, CA from 3:30

12  p.m. on September 8, 2011 until approximately 3:30 a.m. on September 9, 2011 (approximately 12

13  hours in duration).  Plaintiff Anis Ben Hadj Yahia was out of power at his business facility in San

14  Diego County for approximately the same amount of time.

15  7.      Plaintiffs Joe Syriani owns two (2) Domino's Pizzerias in Escondido, CA.  The power to his

16  two (2) restaurants was out for more than four (4) hours.  The temperature in his refrigerators was

17  greater than 55 degrees Fahrenheit.  After an inspection, Mr. Syriani concluded that the law

18  required him to dispose of the food products in his restaurants.

19  8.      As a result of the power loss at his residence, Plaintiff Antonino Busalacchi's refrigerators

20  were not able to operate and keep their food below 40 degrees Fahrenheit.  According to Westar

21  Energy, "The refrigerator will keep food safely cold for about 4 hours if it is unopened."

22  http://www.westarenergy.com/wcm.nsf/content/lights%20out (Accessed 9/12/11).

23  9.      As a result of the power loss at their businesses, Plaintiffs Anis Ben Adj Yahia Joe Syriani's

24  refrigerators were not able to operate and keep their food below 41 degrees Fahrenheit, as required

25  by California Health and Safety Code §113996.

26  10.    Meat, poultry and fish must be refrigerated at or below 40 degrees Fahrenheit.  This is

27  according to the United States Department of Agriculture (hereinafter "USDA"), Food Safety and

28  Inspection          Service.          See          the          USDA          website,

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
Tel: (619) 296-5884  FAX (619) 296-5871

3

1  http://www.fsis.usda.gov/factsheets/keeping_food_safe_during_an_emergency/index.asp.   A

2  refrigerator needs sustained power in order to keep the food below the safe 40 degree Fahrenheit

3  threshold.  According to the USDA, "The refrigerator will keep food safely cold for about 4 hours

4  if it is unopened".  *Ibid*.   SDG&E give similar instructions that food will stay "fresh in the

5  refrigerator for approximately 4 hours."   http://www.sdge.com/outages/outageSupplies.shtml

6  (Accessed 9/12/11).

7      11.    Further, according to the USDA website, under "Steps to follow after the weather

8  emergency", people must "Discard refrigerated perishable food such as meat, poultry, fish,

9  soft cheeses, milk, eggs, leftovers, and deli items after 4 hours without power." *Ibid*.

10     12.    Also, FoodSafety.gov, an official government website managed by the U.S. Department of

11 Health and Human Services, advises that food should be safe for consumption, "as long as power

12 is out no more than 4 hours." FoodSafety.gov, Food Safety and Power Outages: When to Save

13 and When to Throw Out, http://www.foodsafety.gov/keep/charts/refridg_food.html. (Accessed

14 September 9, 2011). (Emphasis in Original).

15     13.    The USDA and FoodSafety.gov have issued a list of specific foods and whether they should

16 be discarded when the temperature of the food drops below 40 degrees during a power outage at a

17 person like Mr. Busalacchi's home.  The list of items to be discarded is as follows:

18         a.  Raw or leftover cooked meat, poultry, fish, or seafood; soy meat substitutes

19         b.  Thawing meat or poultry

20         c.  Salads: Meat, tuna, shrimp, chicken, or egg salad

21         d.  Gravy, stuffing, broth

22         e.  Lunchmeats, hot dogs, bacon, sausage, dried beef

23         f.  Pizza – with any topping

24         g.  Canned hams labeled "Keep Refrigerated"

25         h.  Canned meats and fish, opened

26         i.  Casseroles, soups, stews

27         j.  Soft Cheeses: blue/bleu, Roquefort, Brie, Camembert, cottage, cream, Edam, Monterey

28            Jack, ricotta, mozzarella, Muenster, Neufchatel, queso blanco, queso fresco

HIDEN, ROTT & ORRILE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL: (619) 296-3184  FAX: (619) 296-3171

4

CLASS ACTION COMPLAINT

k.   Shredded Cheeses

l.   Low-fat Cheeses

m.   Milk, cream, sour cream, buttermilk, evaporated milk, yogurt, eggnog, soy milk

n.   Baby formula, opened

o.   Fresh eggs, hard-cooked in shell, egg dishes, egg products

p.   Custards and puddings, quiche

q.   Fresh fruits, cut

14.   Plaintiff Antonino Busalacchi had to dispose of numerous items on this list, including tuna, shrimp, chicken, eggs, lunchmeats, bacon, sausage, dried beef, pizza, casseroles, blue cheese, brie, mozzerella, provolone, Romano, shredded cheese, and fresh fruits.

15.   Further, according to California Health and Safety Code §114000(a)(2), potentially hazardous food shall be "cooked and served, served if ready-to-eat, or discarded within four hours from the point in time when the food is removed from temperature control." (Emphasis added).

16.   "Potentially hazardous food" means "a food that requires time or temperature control to limit pathogenic micro-organism growth or toxin formation. *Cal Health and Saf Code* §113871(a). "Potentially hazardous food" includes:

food of animal origin that is raw or heat-treated, a food of plant origin that is heat-treated or consists of raw seed sprouts, cut melons, cut tomatoes or mixtures of cut tomatoes that are not modified to render them unable to support pathogenic micro-organism growth or toxin formation, and garlic-in-oil mixtures that are not acidified or otherwise modified at a food processing plant in a way that results in mixtures that do not support growth or toxin formation as specified in subdivision (a). *Id* at §113871(b).

17.   As a company that is in the business of preparing, serving and selling food products to the general public, Plaintiffs and their businesses are held to higher standards for disposing of possibly contaminated food, under the mandates of various California laws, including, but not limited to the Health and Safety Code.

18.   Due to health and safety protocols dealing with the safe production of food for consumption by of the general public, Plaintiff Anis Ben Hadj Yahia, owner and operator of Baba Foods, Inc.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL: (619) 296-5884 / FAX (619) 296-5171

5

Exhibit A
035

1   was required to dispose of food products that are produced and stored at his facilities.  These

2   products include, but are not limited to, hummus, fruits, vegetables, baba ghanoush and tabouli.  In

3   total, Plaintiff has disposed of nearly $15,000.00 in products as a result of the power outage.

4   Further, in addition to manufacturing and storing the perishable food products, Plaintiff Anis Ben

5   Hadj Yahia sells his products in Costco stores located in San Diego County.  The total loss related

6   to those products that were on store shelves is not known at this time.

7   19.    As a company that is in the business of preparing, serving and selling food products to the

8   general public, Plaintiffs and their businesses are held to higher standards for disposing of possibly

9   contaminated food, under the mandates of various California laws, including, but not limited to the

10   Health and Safety Code.

11   20.    Joe Syriani, is an owner and operator of two (2) Domino's Pizza Restaurants located in

12   Escondido, CA.  His business makes and sells pizzas, breadsticks, pasta, chicken wings, and other

13   products to the general public.  As a result of the loss of power to his refrigeration units, he was

14   fored to dispose of various meats (Sausage, pepperoni, chicken wings), Pasta Vegetables, cheeses,

15   sauces, and desserts.

16   21.    Due to health and safety protocols dealing with the safe production of food for consumption

17   by of the general public, Plaintiff Joe Syriani, and the class that he seeks to represent was required

18   to dispose of potentially hazardous food products that are stored at the restaurants for preparation,

19   service and sale of food items to the general public.  At both restaurants, the thermometers in the

20   refrigerators rose above 41 degrees Fahrenheit for longer than 30 minutes and the time that the

21   potentially hazardous products were not properly refrigerated was greater than 4 hours, such that

22   Plaintiff and the class the seeks to represent was required to dispose of the food inventory.  These

23   products are potentially hazardous food items, including but not limited to: animal products,

24   seafood, tomato products and other, mils, cheese and other dairy products.  In total, Plaintiff has

25   disposed of at least $5,000.00 in food products as a result of the power outage.

26   22.    As a result of being out of power for more than 4 hours, Plaintiffs and all others

27   similarly situated, had to discard all perishable foods in their refrigerator.  Plaintiffs and all

28   others similarly situated are entitled to compensation in the form of reimbursement for the loss of

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884 · FAX (619) 296-3171

6

CLASS ACTION COMPLAINT

1   and the cost of replacing all items that were required to be discarded as a result of the power

2   outage that was caused by Defendants' conduct.

3   23.   This complaint seeks, among other things: (1) equitable and injunctive relief, including

4   forcing defendant to immediately publish public-service announcements for the residents of San

5   Diego County, Imperial County, Orange County, and Riverside County to dispose of the

6   perishable items in their refrigerators, and (2) the recovery of compensatory, statutory and punitive

7   damages for the gross-negligence of the Defendants.

8   ## JURISDICTION AND VENUE

9   24.   This case lacks Federal Jurisdiction, since no single Plaintiff has a claim for over

10   $75,000.00 dollars. There is no Federal Question Jurisdiction, since Plaintiffs have not plead any

11   causes of action that would arise under any law of the United States. Further, the Class Action

12   Fairness Act (CAFA) does not apply, since Defendant SDG&E is a California citizen from whom

13   significant relief is sought by members of the Plaintiff class, and whose conduct forms a

14   significant basis for the claims asserted by the proposed class. See 28 U.S.C.1332(d)(4).

15   25.   This Court has jurisdiction over each Defendant named herein because each Defendant is

16   either a corporation or an association organized under the laws of the State of California, a foreign

17   corporation or association authorized to do business in California and registered with the

18   California Secretary of State, or does sufficient business, has sufficient minimum contacts with

19   California, or otherwise intentionally avails itself of the California market, to render the exercise

20   of jurisdiction by the California courts permissible under traditional notions of fair play and

21   substantial justice.

22   26.   Venue is proper in this Court since the Plaintiffs are residents of this County. In addition,

23   Defendant SDG&E is a citizen of this County. Further, Defendants' negligent conduct, which

24   caused power outages to over 1.4 million people in this county alone, had a substantial affect on

25   this District. Thus, as to the named Plaintiffs, millions of class members and a portion of the

26   overall Class, certain liability of the Defendants arose in this County.

27   ///

28   ///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio, Suite , Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

7

## THE PARTIES

27. Plaintiff, Antonino Busalacchi, is, and at all material times was, a resident of San Diego County, California. Plaintiff sues on behalf of himself and all others similarly situated. Plaintiff experienced a power outage at his residence in San Diego, California. Moreover, for all the reasons stated herein, Plaintiff has suffered injury in fact and has lost money and/or property as a result of Defendants' acts, i.e., their negligent procedure that caused the power outage, hiring and training of that employee, vicarious liability and negligent failure to establish and maintain proper operating and protection protocols to prevent power outages in Southern California, as defined above.

28. Plaintiff Anis Ben Hadj Yahia is, and at all material times was a resident of San Diego County, California. He is the owner and operator of the California Corporation, Baba Foods, Inc. Plaintiff Anis Ben Hadj Yahia seeks to represent a class of business owners who lost perishable inventory in either the manufacturing or sale of food goods. Plaintiff sues on behalf of himself and all others similarly situated. Plaintiff experienced a power outage at his business in San Diego, California and the store where he his products were sold, Costco, also experienced a power outage resulting in a loss of products to Plaintiff. Moreover, for all the reasons stated herein, Plaintiff has suffered injury in fact and has lost money and/or property as a result of Defendants' acts, i.e., their negligent procedure that caused the power outage, hiring and training of that employee, vicarious liability and negligent failure to establish and maintain proper operating and protection protocols to prevent power outages in Southern California, as defined above.

29. Plaintiff Joe Syriani is, and at all material times was a resident of San Diego County, California. He owns two Domino's Pizza restaurants, which are located at 120 East Lincoln and 410 West Felicita Avenue, Suite A, in Escondido, CA 92026. Plaintiff Joe Syriani seeks to represent a class of restaurant owners who lost perishable inventory at their place of business. Plaintiff sues on behalf of himself and all others similarly situated. Plaintiff experienced a power outage at his business in Escondido, California resulting in a loss of food products to Plaintiff. As a company that is in the business of preparing, serving and selling food products to the general public, Plaintiff and his business are held to higher standards for disposing of possibly

HIDEN, ROTT & ORTLIE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL: (619) 296-5884 * FAX (619) 295-1671

3

Exhibit A
038

1   contaminated food, under the mandates of various California laws, including, but not limited to the

2   Health and Safety Code. Moreover, for all the reasons stated herein, Plaintiff has suffered injury in

3   fact and have lost money and/or property as a result of Defendants' acts, i.e., their negligent

4   procedure that caused the power outage, hiring and training of that employee, vicarious liability

5   and negligent failure to establish and maintain proper operating and protection protocols to prevent

6   power outages in Southern California, as defined above.

7   30.   Defendant Arizona Public Service Company ("APS") is an Arizona corporation which is

8   licensed to do, and is doing, business in California.   Its principal offices are located in Arizona.

9   APS also has significant contacts with San Diego County, California, including contracts with San

10  Diego Gas and Electric (SDG&E), and the activities complained of herein occurred, at least in

11  part, in San Diego County, California.

12  31.   Defendant Pinnacle West Capital Corporation ("PWCC") is an Arizona corporation, which

13  functions as a holding company for APS.   APS and PWCC file joint 10-K statements with the

14  United States Securities and Exchange Commission.   Its principal offices are located in Arizona.

15  PCCC, by and through APS, also has significant contacts with San Diego County, California,

16  including contracts with San Diego Gas and Electric (SDG&E), and the activities complained of

17  herein occurred, at least in part, in San Diego County, California.

18  32.   Defendant San Diego Gas & Electric Company ("SDG&E") is a California corporation and

19  is headquartered in San Diego County.   SDG&E is a subsidiary of Sempra Energy, an energy

20  management company providing electricity, natural gas and value-based products and services.   At

21  all relevant times, Defendant SDG&E does business in California and in the judicial district,

22  including, and in particular, owning operating, controlling and maintaining electric power lines,

23  equipment, devices and related rights-of-ways.

24  33.   The true names and capacities of the Defendants sued in this Complaint as Does 1-100,

25  inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by this

26  fictitious name. The Defendants designated herein as Does are legally responsible in some manner

27  for the unlawful acts referred to herein.   Plaintiffs will seek leave of the Court to amend this

28

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 · FAX (619) 296-5171

9

Exhibit A
039

1   complaint to reflect the true names and capacities of the Defendants designated herein as Does 1-

2   100 when such identities become known.

3       34.   At all relevant times, APS, PWCC and Does 1-100, inclusive, have failed to and continue

4   to fail to make the general public aware of the need to discard perishable food that was left in

5   refrigerators for more than 4 hours, resulting in a continuous and potentially deadly harm to

6   residents of this County, Imperial County, Orange County, and Riverside County, as described

7   herein.

8                                   **CLASS ACTION ALLEGATIONS**

9       35.   Plaintiffs bring this action of behalf of themselves and all others similarly situated within

10   the State of California or all other states as the Court may deem appropriate. The proposed class is

11   both ascertainable and shares a well-defined community of interest in the questions of law and fact

12   as further detailed below. Plaintiffs seek to represent a Class composed of and defined as follows:

13   "All persons in San Diego County, Imperial County, Orange County, and Riverside County, who

14   were without power to their refrigerator for more than 4 hours on September 8 and September 9,

15   2011, as a result of the power outages caused by Defendants". Plaintiffs reserve the right to amend

16   or modify the Class description with greater specificity or further division into subclasses or

17   limitation to particular issues.

18       36.   This action has been brought and may properly be maintained as a class action because

19   there is a well-defined community of interest in the litigation and the proposed Class is easily

20   ascertainable.

21   A.       **Numerosity**

22       37.   The potential members of the Class as defined are so numerous that joinder of all the

23   members of the Class is impracticable. While the precise number of Class Members has not been

24   determined at this time and the facts on which to calculate that number are presently within the

25   control of other entities. Plaintiffs believes that the number of people who were without power in

26   the above counties is nearly 4 million people.

27       38.   California Class members are readily ascertainable. Upon information and belief, Plaintiffs

28   alleges other entities, such as SDG&E, would have adequate records to ascertain how many people

                                                  10

                                      CLASS ACTION COMPLAINT

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 / FAX (619) 296-5171

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-4171

1   in San Diego were customers who were without power for more than 4 hours. Upon information

2   and belief, the number of SDG&E customers without power was over 1.4 million people. Upon

3   information and belief, every residence in San Diego County was without power for more than 4

4   hours, making at least a portion of the class easily ascertainable even without records. The means

5   available for identifying Class members would be based on a proposed class announcement, and

6   initial discovery from SDG&E and other power companies. Since power companies such as

7   SDG&E are likely to have accurate and detailed service information regarding individuals who

8   would be identified as Class members, there is an easy and accurate method available for

9   identifying such members.

10   **B.**     **Commonality**

11   39.   There are questions of law and fact common to the Class that predominates over any

12   questions affecting only individual Class members. These common questions of law and fact

13   include, without limitation:

14       1.     Whether Defendant APS's employees caused the power outage on September 8,

15         2011;

16       2.     Whether Defendant SDG&E's employees caused the power outage on September 8,

17         2011;

18       3.     Whether Defendants negligently caused the power outage that resulted in Plaintiffs'

19         losses;

20       4.     Whether Defendants caused a public Nuisance;

21       5.     Whether Defendants engaged in Unlawful, Unfair and Deceptive practices in

22         violation of California Law?

23   Thus, liability can be proven uniformly throughout the class by facts common to all members of

24   the proposed class.

25   **C.**     **Typicality**

26   40.   The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all

27   members of the Class sustained damages arising out of and caused by Defendants' common course

28   of conduct in violation of laws and regulations that have the force and effect of law and statutes as

11

CLASS ACTION COMPLAINT

1  alleged. As a result of being without power for more than 4 hours, Plaintiff Tony Busalacchi had

2  to dispose of numerous items from their refrigerator, including: tuna, shrimp, chicken, eggs,

3  lunchmeats, bacon, sausage, dried beef, pizza, casseroles, blue cheese, brie, mozzarella, provolone,

4  romano, shredded cheese, and fruits. Plaintiffs Anis Ben Hadj Yahia, Joe Syriani suffered typical

5  business losses when they had to discard unrefrigerated food that would have been for sale to the

6  general public. Such damages were caused by Defendants' negligent procedure that caused the

7  power outage, hiring and training of that employee, vicarious liability and negligent failure to

8  establish and maintain proper operating and protection protocols to prevent power outages in

9  Southern California, as defined above. These facts are typical among the proposed class. Further,

10 these facts are essential in proving the claims alleged in this complaint against Defendants.

11 **D.      Adequacy of Representation**

12 41.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the

13 Class. The Class Representatives can adequately represent the Class because their claim is both

14 typical of the Class, and the issues are based on facts that are common between the Class

15 representatives and the proposed Class. Moreover, the representatives have suffered all of the

16 potential injuries and damages that might arise out of the conduct complained of herein. As such,

17 the representatives can adequately represent the Class because they will bring all potential legal

18 actions and remedies that would be available to individual members of the Class. Plaintiffs have

19 retained attorneys that are competent and experienced in litigating large class actions to represent

20 their interests and that of the Class. Plaintiffs and their counsel have the necessary financial

21 resources to adequately and vigorously litigate this Class Action, and Plaintiffs and counsel are

22 aware of the fiduciary responsibilities to the Class Members and are determined to diligently

23 discharge those duties by vigorously seeking the maximum possible recovery for the Class.

24 **E.      Superiority of Class Action**

25 42.    In addition to what has been mentioned above, a Class Action is a superior method for

26 resolving the claims herein alleged. The remedy to resolve the common class issues regarding the

27 food that was disposed of after it was spoiled would be to refund the cost of the food.

28 Individually, this is not a significant amount, and would be likely be limited to a small claims

HIDEN, ROTT & OBERTLE, LLP
2055 Camino Dr. Rio Seeks, Suite 206
San Diego, California 92108
TEL: (619) 296-5884 FAX (619) 296-5171

12

1   action by individual Plaintiffs.  Such actions are inconceivable, as the costs associated with

2   proving a prima-facie case would likely exceed the obtainable recovery.

3   43.   Important public interests will be served by addressing the matter as a Class Action. The

4   adjudication of individual litigation claims would result in a great expenditure of court and public

5   resources.  However, treating the claims as a Class Action will result in a significant savings of

6   these costs.  Class Action treatment will allow those similarly situated persons to litigate their

7   claims in the manner that is most efficient and economical for the parties and the judicial system.

8   44.   Also, there is a substantial likelihood of inconsistent verdicts, which would frustrate the

9   resolution of these legal issues for Defendants, forcing them to comply with inconsistent legal

10   standards.  Moreover, there is no assurance individual claims will prevent the continued deceptive

11   practices alleged herein.  This would frustrate the purpose of California consumer protection laws

12   and health and safety regulations.  Considering the actual size of the class, estimated to be in the

13   millions, and the importance of the issues presented to the State of California (enforcing consumer

14   protections and the health and safety of citizens within the state), a Class Action is the desired

15   method for resolving this matter.  Moreover, with such common questions of fact, the Court is in a

16   superior position to fashion a remedy that would uniformly apply to each, or nearly all, Class

17   members.

18   45.   Finally, failure to certify a Class would literally make it impossible for a great many of the

19   Class members to seek relief, as the costs of litigation would far exceed the remedy available.  For

20   those who do seek judicial relief, there is a strong likelihood that separate courts would lead to

21   inconsistent verdicts; working a substantial prejudice on Defendants, especially, as in this case,

22   where equitable relief is being sought. As such, a Class Action presents fewer management

23   difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive

24   supervision by a single court.

25   46.   Plaintiffs are unaware of any difficulties that are likely to be encountered in the

26   management of this action that would preclude its maintenance as a Class Action.

27   ///

28   ///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884 ; FAX (619) 296-5171

13

CLASS ACTION COMPLAINT

Exhibit A
043

## FIRST CAUSE OF ACTION

### (Negligence)

### (Against all Defendants)

47.   Plaintiffs incorporate by reference each and every preceding paragraph as though fully set forth herein.

48.   Plaintiffs assert this cause of action on behalf of themselves and on behalf of the Class.

49.   At all times mentioned, Defendants APS and PWCC had a duty to hire, train and instruct their employees in a manner that would allow for a safe and continued operation of their power company.  Defendants APS and PWCC have breached that duty when they failed to properly hire, train and instruct their employee, who negligently performed a procedure and caused massive blackouts throughout Southern California.  At approximately 3:00 p.m. PDT, the Hassayampa 500kV transmission lien tripped off line, resulting in lost service to about 56,000 APS customers throughout Yuma, Somerton San Luis and Gadsden, AZ. The Hassayampa line, which is operated by APS, runs from Palo Verde Nuclear plant in central Arizona to the North Gila Substation in southwestern Arizona, and then on to the Imperial Valley Substation.   The outage of the Hassayampa line triggered a series of regional outages throughout Arizona, California, and Mexico.

50.   At all times Defendants APS's and PWCC's employee had a duty to properly carry out all procedures so that the North Gila – Hassayampa 500 kV transmission line near Yuma, AZ would not be tripped, triggering regional outages, and causing massive power outages in Southern California.

51.   Defendants breached that duty when, as admitted by Defendant APS, their employee carried out a procedure that tripped the transmission line, thereby causing regional outages that resulted in blackouts in San Diego, Imperial, Orange, and Riverside counties.  The employee was grossly-negligent when he/she carried out the procedure that caused the power outage, in that he/she failed to take required steps to ensure that the procedure would not cause a power outage.  Defendants are at all times alleged herein, vicariously liable for the actions of their employee who carried out the procedure at Defendant APS's and PWCC's substation.

14

CLASS ACTION COMPLAINT

52.   Defendant SDG&E breached a duty when their employees failed to take the proper steps to shut down the 500 kV transmission line to prevent major blackouts throughout the system in Southern California and to take other precautions to assure that the tripped power line would not cause system outages throughout Southern California.

53.   At all times mentioned, Defendants, and each of them, had a duty to properly, design, formulate, compound, test, assemble, inspect, and research proper operating and protection protocols so that there would not be a power outage in Southern California.  As admitted by APS, operating and protection protocols should have limited the blackouts to only Yuma, AZ.  However, blackouts occurred outside of Yuma, AZ in San Diego, Imperial, Orange, and Riverside counties. Defendants, and each of them, negligently designed, formulated, compounded, tested, assembled, inspected, and researched proper operating and protection protocols, since their tripped transmission line caused blackouts throughout the aforementioned counties in Southern California. Defendants failed to take proper care to assure that such outages would not take place.

54.   Further, at all times mentioned herein, Defendants had a duty to properly install, maintain and operate their electrical equipment in a manner that would not cause power outages in Southern California.  Defendants failed to perform the foregoing duties when an equipment failure caused power outages in Southern California.

55.   As alleged herein, food stored in a refrigerator will spoil if the refrigerator is not powered for more than 4 hours.  As a result of Defendants' negligence, Plaintiffs and the proposed Class experienced power loss in the refrigerators for more than 4 hours, causing all of their perishable food to spoil.

56.   As a result of being out of power for more than 4 hours, Plaintiffs and all others similarly situated, had to discard all perishable foods in their refrigerator.  Plaintiffs and all others similarly situated are entitled to compensation in the form of monetary reimbursement, plus interest for all perishable items that they were required to discard as a result of the power outage that was caused by Defendants' negligence.

57.   For the reasons stated herein, APS and PWCC failed to employ "Good Utility Practice" by failing to exercise acceptable practices, methods, or acts generally accepted in the region.  In the

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-4171

15

CLASS ACTION COMPLAINT

1  absence of the negligence of APS and PWCC, the power outage would not have occurred. At time

2  of trial, Plaintiffs will put on evidence that the power outage was caused by factors, which were

3  under the sole management and control of Defendants.

4  58.  For the reasons stated herein, SDG&E failed to exercise reasonable diligence and care to

5  furnish and deliver a continuous and sufficient supply of electric energy to Plaintiffs and the Class

6  that they seek to represent.

7  59.  Additionally, Plaintiffs are entitled to equitable and injunctive relief, including forcing

8  Defendants to immediately publish public-service announcements for the residents of San Diego

9  County, Imperial County, Orange County, and Riverside County to dispose of the perishable items

10  in their refrigerators.

11  **SECOND CAUSE OF ACTION**

12  **(Nuisance)**

13  **(Against all Defendants)**

14  60.  Plaintiffs incorporate by reference each and every preceding paragraph as though fully set

15  forth herein.

16  61.  Plaintiffs assert this cause of action on behalf of themselves and on behalf of the Class.

17  62.  On September 8, 2011 Defendants caused or allowed blackouts to occur and committed acts

18  and omissions constituting the creation of a nuisance within the meaning of Section 3479 of the

19  California Civil Code.  Defendants caused an interference with Plaintiffs' comfortable enjoyment

20  of life, the use of their refrigerator, and their ability to consume or sell their food, when

21  Defendants failed to take precautions against a risk that was apparent to a reasonable person,

22  which was a multi-state blackout.

23  63.  As a proximate result of the statutory violation and maintenance of the nuisance, Plaintiffs

24  and the Class suffered injury to their personal and real property.  In the State of California,

25  "activities that disturb or prevent the comfortable enjoyment of property have been held to

26  constitute nuisances even though they did not directly damage the land or prevent its use."

27  *Venuto v. Owens-Corning Fiberglas Corp.*, (1971) 22 Cal. App. 3d 116, 126.

28  64.  In addition to being a private nuisance, this nuisance qualifies as a public nuisance under

16

CLASS ACTION COMPLAINT

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

1  Cal. Civ. Code 3480, since the nuisance affected an entire community at the same time.  Where a

2  nuisance is a private as well as a public one, there is no requirement that the Plaintiffs suffer

3  damage different in kind from that suffered by the general public and he "does not lose his rights

4  as a landowner merely because others suffer damage of the same kind, or even of the same degree,

5  ." *Id.* at 124 ; *citing* Prosser on Torts, 3d ed., p. 609.

6  65.    Although, Defendants abated the nuisance when they restored power, "The abatement of a

7  nuisance does not prejudice the right of any person to recover damages for its past existence." *Cal.*

8  *Civ. Code* §3484.

9  66.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

10  below.

### THIRD CAUSE OF ACTION

#### (Unlawful, Unfair and Deceptive Business Practices in Violation of

#### California Business & Professions Code §17200, *et seq.*)

#### (Against all Defendants)

15  67.    Plaintiffs incorporate by reference each and every preceding paragraph as though fully set

16  forth herein.

17  68.    Plaintiffs assert this cause of action on behalf of themselves and on behalf of the Class.

18  69.    The Unfair Business Practices Act defines unfair business competition to include any

19  "unfair," "unlawful," or "fraudulent" business act or practice. *California Business and Professions*

20  *Code* §17200 et seq.   Section 17205 provides that, unless otherwise expressly provided, the

21  remedies or penalties provided for unfair competition "are cumulative to each other and to the

22  remedies or penalties available under the laws of the state".   The Act also provides for injunctive

23  relief and restitution for violations.

24  70.    Defendant APS, PWCC and SDG&E violated, and continues to violate, California Business

25  and Professions Code §17200 et seq., by not developing, researching and implementing better

26  operations and protection protocols.  Therefore, APS, PWCC and SDG&E have engaged in

27  "unfair" and "unlawful" business practices within the meaning of B&P §17200.  Further, by

28  employing and failing to train employees who do not carry out proper procedures, APS, PWCC

17

CLASS ACTION COMPLAINT

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884 / FAX (619) 296-5171

1   and SDG&E have further engaged in unfair" and "unlawful" business practices within the meaning

2   of B&P §17200. Defendants also engaged in unfair and unlawful business practices within the

3   meaning of B&P §17200 by failing to properly install, maintain and operate their electrical

4   equipment.

5   71.   By engaging in the above described acts and practices, Defendants APS, PWCC and

6   SDG&E have committed one or more acts of unfair competition within the meaning of California

7   Business and Professions Code §17200 et seq.

8   72.   The acts and practices of Defendants are also unlawful because they violate one or more of

9   the following: Negligence (Gross- Negligence or otherwise), and Nuisance, as described herein.

10   73.   As a result of such unlawful and unfair business acts and practices, Plaintiffs and the Class

11   have suffered injury in fact and have lost money or property. APS, PWCC and SDG&E have been

12   and will continue to be unjustly enriched at the expense of Plaintiffs and the Class. In addition,

13   Defendants have been unjustly enriched by failing to properly provide money in order to: 1)

14   properly operate their facility, 2) properly employ and hire competent and well trained personnel,

15   3) develop, research install and maintain proper equipment, and 4) implement, design, formulate,

16   compound, test, and research proper operating and protection protocols.

17   74.   As discussed above, Plaintiffs and the members of the Class harmed by the unfair business

18   practice of Defendants and lost perishable inventory as a result of interrupted electrical service.

19   75.   Plaintiffs are informed and believe and, based upon such information and belief, allege that

20   APS was PWCC's agent, ostensible agent, employee, servant, joint venture, actor in concert, aider

21   and abettor and co-conspirator.

22   76.   Unless Defendants are enjoined from continuing to engage in the unlawful, unfair,

23   fraudulent, untrue, and deceptive business acts and practices as described herein, Plaintiffs and the

24   Class members residing within California will continue to be damaged by Defendants' unfair

25   competition.

26   77.   Defendant SDG&E, through their acts of unfair competition, has acquired money from

27   members of the proposed Class. Upon information and belief, APS delivers electricity to SDG&E

28   for transmission over SDG&E lines at the North Gila substation. Thus, Plaintiffs and the members

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 205
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

18

CLASS ACTION COMPLAINT

1   of the Class request this Court restore this money to them and enjoin APS, PWCC and SDG&E

2   from continuing to violate California Business and Professions Code §17200 et seq., as discussed

3   above.

4   78.   Such conduct is ongoing and continues to this date. Plaintiffs and the Class members are

5   therefore entitled to all damages, restitution, statutory damages, attorney fees and costs and any

6   other damage permissible under the law.

7   **RELIEF REQUESTED**

8   WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the members of the

9   Class defined herein, as applicable, pray for judgment and relief on all Causes of Action as

10   follows:

11   1.   An order certifying this case as a Class Action and appointing Plaintiffs and their counsel

12   to represent the Class;

13   2.   For a temporary, preliminary and/or permanent order for injunctive relief enjoining

14   Defendants from pursuing the policies, acts and practices complained of herein;

15   3.   For a temporary, preliminary and/or permanent order for injunctive relief requiring

16   Defendants to undertake an immediate public campaign to inform members of the general public

17   as to their prior practices and notifying members of the proposed Class as to the presence of

18   potential restitutionary relief;

19   4.   An injunction to force Defendants to make the general public aware of the need to discard

20   perishable food that was left in refrigerators for more than 4 hours without power, which causes

21   continuous and potentially deadly harm to residents of this County, Imperial County, Orange

22   County, and Riverside County, as described herein.

23   5.   For an award of exemplary and/or punitive damages as appropriate to deter and punish

24   Defendants for their unfair and deceptive business practices, their conspiracy, as well as for their

25   other fraudulent and deceitful conduct;

26   6.   For an order requiring disgorgement of Defendants' ill-gotten gains and to pay restitution

27   to Plaintiffs and all members of the Class all funds acquired by means of any act or practice

28

19

CLASS ACTION COMPLAINT

HIDEN ROTT & OERTLE, LLP
2635 Camino del Rio South, Suite 306
San Diego, California 92108
TEL: (619) 296-5884   FAX: (619) 296-5171

1  declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation

2  of laws, statutes or regulations, or constituting unfair competition;

3      7.    Reasonable attorneys' fees;

4      8.    Costs of this suit;

5      9.    Pre- and post-judgment interest; and

6      10.   Such other and further relief as the Court may deem necessary or appropriate.

7                                    **JURY DEMAND**

8   Plaintiffs and the Class demand a trial by jury.

9

10  DATED: January 4, 2012                    HIDEN, ROTT & OERTLE, LLP

11

12

13                                     By: _____

14                                        Michael Ian Rott, Esq.
                                          Eric M. Overholt, Esq.
15                                        *Attorneys for Plaintiffs, on behalf of themselves
                                          and all others similarly situated.*
16

17

18

19

20

21

22

23

24

25

26

27

28

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 · FAX (619) 296-4171

                                          20

                              CLASS ACTION COMPLAINT

FROM Advanced Attorney Services          (THU) JUL  5 2012 14:42/ST. 14:33/No. 9300818403 P  8

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Dennis A. Cammarano (SBN: 123662), Jeremy B. Gard (SBN: 269265) CAMMARANO LAW GROUP   O/R: 3162 555 E. Ocean Blvd., Suite 501 Long Beach, CA 90802 | FILED 2012 JUL −5  AM 10: 44 SUPERIOR COURT SAN DIEGO COUNTY, CA. |
| TELEPHONE NO.: (562) 495-9501     FAX NO.: (562) 495-3674 ATTORNEY FOR *(Name)*: Plaintiff, STARR INDEMNITY & LIABILITY CO. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  **SAN DIEGO**
STREET ADDRESS: 500 3rd Avenue
MAILING ADDRESS: 500 3rd Avenue
CITY AND ZIP CODE: Chula Vista, CA 91910
BRANCH NAME: SOUTH COUNTY REGIONAL CENTER

CASE NAME:
**STARR INDEMNITY & LIABILITY CO. v. SAN DIEGO GAS, ETC.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2012-00007348-CU-PN-SC JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☑ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3, 2012
Dennis A. Cammarano
TYPE OR PRINT NAME                                           SIGNATURE OF PARTY OR ATTORNEY FOR PARTY

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

VIA FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A
052

FROM Advanced Attorney Services (THU)JUL 5 2012 14:08/ST. 14:03/No. 9300818403 P 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 500 Third Avenue |
| MAILING ADDRESS: | 500 Third Avenue |
| CITY AND ZIP CODE: | Chula Vista, CA 91910-5694 |
| BRANCH NAME: | South County |
| TELEPHONE NUMBER: | (619) 746-6200 |

PLAINTIFF(S) / PETITIONER(S): STARR INDEMNITY & LIABILITY CO

DEFENDANT(S) / RESPONDENT(S): SAN DIEGO GAS & ELECTRIC COMPANY

STARR INDEMNITY & LIABILITY CO VS. SAN DIEGO GAS & ELECTRIC COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2012-00077348-CU-PN-SC |
|---|---|

Judge: Kenneth J Medel        Department: S-07

COMPLAINT/PETITION FILED: 07/05/2012

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-06)      **NOTICE OF CASE ASSIGNMENT**      Page: 1

FROM Advanced Attorney Services          (THU)JUL  5 2012 14:00/ST. 14:00/No. 9300919400  P  3



# Superior Court of California
## County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 90 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page 2

FROM Advanced Attorney Services        (THU)JUL  5 2012 14:39/ST. 14:33/No. 8300818405 P  4.



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00077348-CU-PN-SC        CASE TITLE: STARR INDEMNITY & LIABILITY CO vs. SAN DIEGO GA

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730);
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case, but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A
055

FROM Advanced Attorney Services                    (THU) JUL   5 2012 14:40/ST. 14:33/No. 9300918403 P   5

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
    In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
    In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

SDSC CIV-730 (Rev.12-10)          ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION          Page 2

2

FROM Advanced Attorney Services                    (THU)JUL  5 2012 14:40/ST.14:00/No. 9900818403 P  6

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     500 Third Avenue | |
| MAILING ADDRESS:     500 Third Avenue | |
| CITY, STATE, & ZIP CODE: Chula Vista, CA 91910-5649 | |
| BRANCH NAME:     South County | |

PLAINTIFF(S):   STARR INDEMNITY & LIABILITY CO

DEFENDANT(S): SAN DIEGO GAS & ELECTRIC COMPANY

SHORT TITLE:   STARR INDEMNITY & LIABILITY CO VS. SAN DIEGO GAS & ELECTRIC COMPANY

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2012-00077346-CU-PN-SC |
|---|---|

Judge: Kenneth J Medel                                        Department: S-07

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☑ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                   Date: _____

Name of Plaintiff                                  Name of Defendant

Signature                                          Signature

Name of Plaintiff's Attorney                       Name of Defendant's Attorney

Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 07/05/2012                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1

3.

1  DENNIS A. CAMMARANO/BAR NO. 123662
   JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
   555 East Ocean Boulevard, Suite 501
3  Long Beach, California 90802
   Telephone: (562) 495-9501
4  Facsimile: (562) 495-3674

5  Attorneys for Plaintiff,
   STARR INDEMNITY & LIABILITY CO.

6

7

**FILED**
SOUTH COUNTY

2012 SEP 24 P 2:05

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**VIA FAX**

8        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9     **COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER**

10

| | |
|---|---|
| 11  STARR INDEMNITY & LIABILITY CO. | )  Case No.: 37201200077348CU-PN-SC |
| 12 | )  **PROOF OF SERVICE RE** |
| 13          Plaintiff, | )  **SUMMONS AND COMPLAINT** |
| | )  **ON DEFENDANT SAN DIEGO** |
| 14  v. | )  **GAS & ELECTRIC COMPANY** |
| 15  SAN DIEGO GAS & ELECTRIC COMPANY; ARIZONA PUBLIC | ) |
| 16  SERVICE COMPANY; PINNACLE WEST CAPITAL CORPORATION; | ) |
| 17  IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION; | ) |
| 18  WESTERN ELECTRICITY COORDINATING COUNCIL; | ) |
| 19  CALIFORNIA INDEPENDENT SYSTEM OPERATOR and DOES 1 | ) |
| 20  through 10, inclusive | ) |

21        TO THE HONORABLE COURT:

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*Proof of Service*

1      Please file the attached Proof of Service re Summons and First Amended

2   Complaint on Defendant CALIFORNIA INDEPENDENT SYSTEM OPERATOR,

3   served by substituted service on September 19, 2012, with an effective date of

4   September 29, 2012.

5

6   Dated:        September 20, 2012          CAMMARANO LAW GROUP

7

8                                            By:

9                                            Dennis A. Cammarano
                                             Attorney for Plaintiff,
10                                           NATIONAL UNION FIRE
                                             INSURANCE COMPANY
11                                           3162proof - Ca independent (state).wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Proof of Service*                                                    *Page 2*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Dennis A. Cammarano, 123662<br>CAMMARANO LAW GROUP<br>555 East Ocean Blvd., Suite 50<br>Long Beach, CA 90802<br>    TELEPHONE NO.: (562) 495-9501<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>San Diego Superior Court<br><br>SEP 2 4 2012<br><br>CLERK OF THE SUPERIOR COURT<br>BY _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Diego County
500 Third Avenue
Chula Vista, CA 91910-0000

| PLAINTIFF/PETITIONER: Starr Indemnity & Liability Co. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Diego Gas & Electric Company, et al. | 37-2012-00077348-CU-PN-SC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>3162 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons onf First Amended Complaint, Amended Complaint with Attachment, Civil Case Cover Sheet, ADR Information Packet

3. a. Party served: CALIFORNIA INDEPENDENT SYSTEM OPERATOR

   b. Person Served: Nancy Saracino - Person authorized to accept service of process

4. Address where the party was served: 250 Outcropping Way
   Folsom, CA 95630

5. I served the party
   b. by substituted service. On (date): 9/19/2012    at (time): 4:13 PM   I left the documents listed in item 2 with or
   in the presence of: Greg Fisher, Assistant General Counsel

    (1) (business)   a person at least 18 years of age apparently in charge at the office or usual place of business of
    the person to be served. I informed him or her of the general nature of the papers.

    (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

CALIFORNIA INDEPENDENT SYSTEM OPERATOR

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:   Jermaine de Jose
   b. Address:   One Legal - 194-Marin
      504 Redwood Blvd #223
      Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 84.40
   e. I am:
     (3) registered California process server.
      (i) Employee or independent contractor.
      (ii) Registration No. 2008-47
      (iii) County SACRAMENTO

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 9/20/2012

Jermaine de Jose
(NAME OF PERSON WHO SERVED PAPERS)        (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 6789866 |
|---|---|---|

Exhibit A
060

VIA FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Dennis A. Cammarano, 123662
CAMMARANO LAW GROUP
555 East Ocean Blvd., Suite 50
Long Beach, CA  90802

TELEPHONE NO.: (562) 495-9501

ATTORNEY FOR (Name):  Plaintiff

Ref. No. or File No.
3162

**FILED**
San Diego Superior Court

SEP 2 4 2012

CLERK OF THE SUPERIOR COURT
BY_____

Insert name of court, judicial district or branch court, if any:

Superior Court of California, San Diego County
500 Third Avenue
Chula Vista, CA  91910-0000

PLAINTIFF:

Starr Indemnity & Liability Co.

DEFENDANT:

San Diego Gas & Electric Company, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER: |
|---|---|---|---|---|
| | | | | 37-2012-00077348-CU-PN-SC |

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504
Redwood Blvd #223, Novato, CA  94947.

On 9/20/2012, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was
made, I mailed copies of the:

> Summons onf First Amended Complaint, Amended Complaint with Attachment, Civil Case Cover Sheet,
> ADR Information Packet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed
envelope, with First Class postage thereon fully prepaid, in the United States Mail at Oakland, CA, California, addressed as
follows:

> CALIFORNIA INDEPENDENT SYSTEM OPERATOR
> Nancy Saracino
> 250 Outcropping Way
> Folsom, CA  95630

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would
be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary
course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or
postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 84.40

Kathleen Ubongen Bautista
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA  94947

I declare under penalty of perjury under the laws of the United States of
America and the State of California that the foregoing is true and correct and that
this declaration was executed on 9/20/2012 at Oakland, California.

_Kubonger_

Kathleen Ubongen Bautista

OL# 6789866

PROOF OF SERVICE

**VIA FAX**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On September 24, 2012, I served the foregoing document(s) described as **PROOF OF SERVICE** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Michael Perez, Esq.
PEREZ & WILSON LLP
1420 Kettner Blvd., #600
San Diego, CA 92101

☐    **BY PERSONAL DELIVERY**. I delivered such envelope by hand to the offices of the addressee.

☒    **BY MAIL**. I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE TRANSMISSION**. I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003 and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued by the transmitting facsimile machine.

☐    **BY OVERNIGHT CARRIER**. I caused such envelope(s) to be given to an overnight mail service at Long Beach, California, to be hand delivered to the office of the addressee(s) on the next business day.

☐    **BY E-MAIL**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on September 24, 2012, at Long Beach, California

☒    (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    (Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Morgan H. Piercy

Proof of Service

1  DENNIS A. CAMMARANO/BAR NO. 123662
   JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
   555 East Ocean Boulevard, Suite 501
3  Long Beach, California 90802
   Telephone: (562) 495-9501
4  Facsimile: (562) 495-3674

5  Attorneys for Plaintiff,
   STARR INDEMNITY & LIABILITY CO.

6

7

**FILED**
SOUTH COUNTY
2012 S 2012 SEP 28 P 1: 27
CLERK~SUPERIOR COURT
SAN DIEGO COUNTY, CA

**VIA FAX**

8      **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9   **COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER**

10

| | |
|---|---|
| 11  STARR INDEMNITY & LIABILITY CO. | Case No.: 37201200077348CU-PN-SC |
| 12                Plaintiff, | **PROOF OF SERVICE RE SUMMONS AND AMENDED COMPLAINT ON DEFENDANT PINNACLE WEST CAPITAL CORPORATION** |
| 13  v. | |
| 14  SAN DIEGO GAS & ELECTRIC COMPANY; ARIZONA PUBLIC SERVICE COMPANY; PINNACLE WEST CAPITAL CORPORATION; IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION; WESTERN ELECTRICITY COORDINATING COUNCIL; CALIFORNIA INDEPENDENT SYSTEM OPERATOR and DOES 1 through 10, inclusive | |

21      TO THE HONORABLE COURT:

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*Proof of Service*

1    Please file the attached Proof of Service re Summons and First Amended

2  Complaint on Defendant PINNACLE WEST CAPITAL CORPORATION, served

3  by personal service on September 14, 2012, with an effective date of September

4  14, 2012.

5

6  Dated:       September 27, 2012          CAMMARANO LAW GROUP

7

8                                          By: 

9                                          Dennis A. Cammarano
                                           Attorney for Plaintiff,
10                                         NATIONAL UNION FIRE
                                           INSURANCE COMPANY
11                                         3162proof - pinnacle.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Proof of Service*                                                    *Page 2*

FILED
HUTH COUNTY

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dennis A. Cammarano, 123662 <br> CAMMARANO LAW GROUP <br> 555 East Ocean Blvd., Suite 50 <br> Long Beach, CA 90802 <br> TELEPHONE NO.: (562) 495-9501 <br> ATTORNEY FOR *(Name):* Plaintiff | 2012 SEP 28 PM 2:27 <br> CLERK-SUPERIOR COURT <br> SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Diego County
500 Third Avenue
Chula Vista, CA 91910-0000

| PLAINTIFF/PETITIONER: Starr Indemnity & Liability Co. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Diego Gas & Electric Company | 37-2012-00077348-CU-PN-SC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: <br> 3162 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Civil Case Cover Sheet, Amended Complaint, Attachment, Notice of Case Assignment, Notice of Assignment to Imaging Department, ADR Information, (Blank) Stipulation

**BY FAX**

3. a. Party served: PINNACLE WEST CAPITAL CORPORATION

   b. Person Served: Gail Flock - CT Corporation System - Person authorized to accept service of process

4. Address where the party was served: 2390 East Camelback Road
   Phoenix, AZ 85016

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 9/14/2012        (2) at *(time):*  9:04 AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

PINNACLE WEST CAPITAL CORPORATION

   under:        CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        Robert Harenberg, Jr.
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606

   d. The fee for service was:  $ 52.95
   e. I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 9/19/2012

Robert Harenberg, Jr.
*(NAME OF PERSON WHO SERVED PAPERS)*                    *(SIGNATURE)*

| Form Adopted for Mandatory Use <br> Judicial Council of California POS-010 <br> [Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 <br> OL# 1767124 |
|---|---|---|

Exhibit A
065

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California, am over the age of 18 and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On

4

September 27, 2012, I served the foregoing document(s) described as **PROOF OF SERVICE** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

5

6

Michael Perez, Esq.
PEREZ & WILSON LLP
1420 Kettner Blvd., #600

7

San Diego, CA 92101

Ms. Gail Flock
Agent for PINNACLE WEST CAPITAL
CORPORATION
CT CORPORATION SYSTEM
2390 E. Camelback Rd.

8

Phoenix, AZ 85016

9

☐   **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

10

☒   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at

11

Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal

12

service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage

13

cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

☐   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003

15

and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued

16

by the transmitting facsimile machine.

17

☐   **BY OVERNIGHT CARRIER.** I caused such envelope(s) to be given to an overnight mail service at Long Beach, California, to be hand delivered to the office of the addressee(s) on the next business day.

18

19

☐   **BY E-MAIL.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within

20

a reasonable time after the transmission, any electronic transmission, any electronic message or other indication that the transmission was unsuccessful.

21

Executed on September 27, 2012, at Long Beach, California

22

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

☐   (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America

25

that the foregoing is true and correct.

26

27

Morgan G. Piercy

28

*Proof of Service*

FILED
COUNTY

2012 OCT -1 PM 3: 21

SAN DIEGO COUNTY, CA.

1  DENNIS A. CAMMARANO/BAR NO. 123662
   JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
   555 East Ocean Boulevard, Suite 501
3  Long Beach, California 90802
   Telephone: (562) 495-9501
4  Facsimile: (562) 495-3674

5  Attorneys for Plaintiff,
   STARR INDEMNITY & LIABILITY CO.
6

7                                                    **VIA FAX**

8        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9     **COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER**

10

11  STARR INDEMNITY & LIABILITY      )  Case No.: 37201200077348CU-PN-
    CO.                              )            SC
12                                   )
           Plaintiff,               )  **PROOF OF SERVICE RE**
13                                   )  **SUMMONS AND AMENDED**
    v.                               )  **COMPLAINT ON DEFENDANT**
14                                   )  **WESTERN ELECTRICITY**
    SAN DIEGO GAS & ELECTRIC         )  **COORDINATING COUNCIL**
15  COMPANY; ARIZONA PUBLIC          )
    SERVICE COMPANY; PINNACLE        )
16  WEST CAPITAL CORPORATION;        )
    IMPERIAL IRRIGATION DISTRICT     )
17  FINANCING CORPORATION;           )
    WESTERN ELECTRICITY              )
18  COORDINATING COUNCIL;            )
    CALIFORNIA INDEPENDENT           )
19  SYSTEM OPERATOR and DOES 1       )
    through 10, inclusive            )
20                                   )
    _____ )

21        TO THE HONORABLE COURT:

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

_Proof of Service_

1      Please file the attached Proof of Service re Summons and First Amended

2  Complaint on Defendant WESTERN ELECTRICITY COORDINATING

3  COUNCIL, served by personal service on September 24, 2012, with an effective

4  date of September 24, 2012.

5

6  Dated:      September 28, 2012       CAMMARANO LAW GROUP

7

8                            By:

9                            Dennis A. Cammarano
                              Attorney for Plaintiff,
10                        NATIONAL UNION FIRE
                        INSURANCE COMPANY
11                        3162proof - western electricity.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A
068

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Dennis A. Cammarano, 123662<br>CAMMARANO LAW GROUP<br>555 East Ocean Blvd., Suite 50<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 495-9501<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>San Diego Superior Court<br><br>OCT 0 1 2012<br><br>CLERK OF THE SUPERIOR COURT<br>BY_____ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Diego County<br>500 Third Avenue<br>Chula Vista, CA 91910-0000 |

| PLAINTIFF/PETITIONER: Starr Indemnity & Liability Co. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Diego Gas & Electric Company | 37-2012-00077348-CU-PN-SC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>3162 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Civil Case Cover Sheet, Amended Complaint, Attachment, Notice of Case Assignment, Notice of Assignment to Imaging Department, ADR Information, (Blank) Stipulation

**BY FAX**

3. a. Party served: WESTERN ELECTRICITY COORDINATING COUNCIL

   b. Person Served: Kelly Reichert - National Registered Agents, Inc. – Person authorized to accept service of process

4. Address where the party was served: 2778 W. Shady Bend Lane
   Lehi, UT 84043

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 9/24/2012   (2) at (time): 11:13 AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   WESTERN ELECTRICITY COORDINATING COUNCIL

   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: William Whitmore
   b. Address: One Legal - 194-Marin
   504 Redwood Blvd #223
   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 159.95
   e. I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 9/25/2012

William Whitmore
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 1767125

Exhibit A
069

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On September 28, 2012, I served the foregoing document(s) described as **PROOF OF SERVICE** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

☐ **BY PERSONAL DELIVERY**. I delivered such envelope by hand to the offices of the addressee.

☒ **BY MAIL**. I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION**. I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003 and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued by the transmitting facsimile machine.

☐ **BY OVERNIGHT CARRIER**. I caused such envelope(s) to be given to an overnight mail service at Long Beach, California, to be hand delivered to the office of the addressee(s) on the next business day.

☐ **BY E-MAIL**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on September 28, 2012, at Long Beach, California

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Meagan Krave

*Proof of Service*



1                       <u>SERVICE LIST</u>

2   Ms. Gail Flock
    Agent for ARIZONA PUBLIC SERVICE COMPANY
3   CT CORPORATION SYSTEM
    2390 E. Camelback Rd.
4   Phoenix, AZ 85016

5   Michael Perez, Esq.
    PEREZ & WILSON LLP
6   1420 Kettner Blvd., #600
    San Diego, CA 92101
7
    Ms. Kelly Reichert
8   Agent for WESTERN ELECTRICITY COORDINATING COUNCIL
    NATIONAL REGISTERED AGENTS, INC.
9   2778 w. Shady Bend Lane
    Lehi, UT 84043
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Proof of Service*                       Page 4



FILED
SOUTH COUNTY

2012 OCT -5 P 3 15

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  DENNIS A. CAMMARANO/BAR NO. 123662
   JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
   555 East Ocean Boulevard, Suite 501
3  Long Beach, California 90802
   Telephone: (562) 495-9501
4  Facsimile: (562) 495-3674

5  Attorneys for Plaintiff,
   STARR INDEMNITY & LIABILITY CO.
6

7                                                    **VIA FAX**

8        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9     **COUNTY OF SAN DIEGO -SOUTH COUNTY REGIONAL CENTER**

10

11  STARR INDEMNITY & LIABILITY      )   Case No.: 37201200077348CU-PN-
    CO.                              )            SC
12                                   )
              Plaintiff,             )   **PROOF OF SERVICE RE**
13                                   )   **SUMMONS AND AMENDED**
    v.                               )   **COMPLAINT ON DEFENDANT**
14                                   )   **IMPERIAL IRRIGATION**
    SAN DIEGO GAS & ELECTRIC         )   **DISTRICT FINANCING**
15  COMPANY; ARIZONA PUBLIC          )   **CORPORATION**
    SERVICE COMPANY; PINNACLE        )
16  WEST CAPITAL CORPORATION;        )
    IMPERIAL IRRIGATION DISTRICT     )
17  FINANCING CORPORATION;           )
    WESTERN ELECTRICITY              )
18  COORDINATING COUNCIL;            )
    CALIFORNIA INDEPENDENT           )
19  SYSTEM OPERATOR and DOES 1       )
    through 10, inclusive            )
20  ─────────────────────────────    )

21        TO THE HONORABLE COURT:

22

23

24

25

26  ///

27  ///

28  ///

*Proof of Service*

Exhibit A
072

1    Please file the attached Proof of Service re Summons and First Amended

2    Complaint on Defendant IMPERIAL IRRIGATION DISTRICT FINANCING

3    CORPORATION, served by substituted service on September 25, 2012, with an

4    effective date of October 5, 2012.

5

6    Dated:        October 4, 2012          CAMMARANO LAW GROUP

7

8                                          By: _____

9                                          Dennis A. Cammarano
                                           Jeremy B. Gard
10                                         Attorney for Plaintiff,
                                           NATIONAL UNION FIRE
11                                         INSURANCE COMPANY

12   3162proof- imperial irrigaton.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Proof of Service*                                                    *Page 2*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Dennis A. Cammarano, 123662 CAMMARANO LAW GROUP 555 East Ocean Blvd., Suite 50 Long Beach, CA 90802 TELEPHONE NO.: (562) 495-9501 ATTORNEY FOR (Name): Plaintiff | **FILED** San Diego Superior Court OCT 05 2012 CLERK OF THE SUPERIOR COURT BY _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Diego County
500 Third Avenue
Chula Vista, CA 91910-0000

| PLAINTIFF/PETITIONER: Starr Indemnity & Liability Co. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Diego Gas & Electric Company | 372012000077348CU-PN-SC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 3162 |

BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons on First Amended Complaint; First Amended Complaint; Civil Case Cover Sheet; Notice of Assignment Notice of Assignment to Imaging Department; ADR Package

3. a. Party served:  IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION

   b. Person Served: Olivia Ramirez - Person authorized to accept service of process

4. Address where the party was served:  321 S. Waterman Ave.
   El Centro, CA 92243

5. I served the party
   b. by substituted service. On (date): 9/25/2012  at (time): 3:05 PM. I left the documents listed in item 2 with or in the presence of:  GEORGINA ALVAREZ
      (1) (business)   a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:
   IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION
      under:      CCP 416.10 (corporation)

7. Person who served papers
   a. Name:      Cristina Cesenas
   b. Address:      One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 209.25
   e. I am:
      (3) registered California process server:
         (i). Employee or independent contractor.
         (ii). Registration No.: 201260000006
         (iii) County: IMPERIAL

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  9/26/2012

Cristina Cesenas
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan. 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 6789865

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR **FILED** BY |
|---|---|---|---|
| Dennis A. Cammarano, 123662 | | (562) 495-9501 | San Diego Superior Court |
| CAMMARANO LAW GROUP | | | |
| 555 East Ocean Blvd., Suite 50 | | | OCT 05 2012 |
| Long Beach, CA 90802 | | | |
| ATTORNEY FOR (Name): Plaintiff | | Ref. No. or File No.: 3162 | CLERK OF THE SUPERIOR COURT |
| Insert name of court, judicial district or branch court, if any: | | | BY |
| Superior Court of California, San Diego County | | | |
| 500 Third Avenue | | | |
| Chula Vista, CA 91910-0000 | | | |

| PLAINTIFF: |
|---|
| Starr Indemnity & Liability Co. |

| DEFENDANT: |
|---|
| San Diego Gas & Electric Company |

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER: 37201200077348CU-PN-SC |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 9/26/2012, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

**BY FAX**

Summons on First Amended Complaint; First Amended Complaint; Civil Case Cover Sheet; Notice of Assignment; Notice of Assignment to Imaging Department; ADR Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION
Olivia Ramirez
321 S. Waterman Ave.
El Centro, CA 92243

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 209.25

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 9/26/2012 at Los Angeles, California.

Mirian Flores
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

Mirian Flores

OL# 6789865

FILED
San Diego Superior Court

OCT 05 2012

CLERK OF THE SUPERIOR COURT
BY_____

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, am over the age of 18, and not a party to this action. My business address is 555 East Ocean Boulevard, Suite 501, Long Beach, California 90802. On October 4, 2012, I served the foregoing document(s) described as **PROOF OF SERVICE** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

☐ **BY PERSONAL DELIVERY**. I delivered such envelope by hand to the offices of the addressee.

☑ **BY MAIL**. I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Long Beach, California. I am "readily familiar" with the firm's practice of collection and processing correspondence and pleadings for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION**. I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with California Rule of Court 2003 and no error was reported by the machine. Pursuant to California Rules of Court 2006, et al., I caused the machine to print a transmission record of the transmission and the transmission record was properly issued by the transmitting facsimile machine.

☐ **BY OVERNIGHT CARRIER**. I caused such envelope(s) to be given to an overnight mail service at Long Beach, California, to be hand delivered to the office of the addressee(s) on the next business day.

☐ **BY E-MAIL**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on October 4, 2012, at Long Beach, California

☑ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Meagan Krave

*Proof of Service*

Exhibit A
076



1

<u>SERVICE LIST</u>

2

Ms. Gail Flock
Agent for ARIZONA PUBLIC SERVICE COMPANY

3

CT CORPORATION SYSTEM
2390 E. Camelback Rd.

4

Phoenix, AZ 85016

5

Michael Perez, Esq.
PEREZ & WILSON LLP

6

1420 Kettner Blvd., #600
San Diego, CA 92101

7

Ms. Kelly Reichert

8

Agent for WESTERN ELECTRICITY COORDINATING COUNCIL
NATIONAL REGISTERED AGENTS, INC.

9

2778 w. Shady Bend Lane
Lehi, UT 84043

10

Ms. Olivia Ramirez

11

Agent for IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION
321 S. Waterman Avenue

12

El Centro, CA 92243

13

Ms. Nancy Saracino
Agent for CALIFORNIA INDEPENDENT SYSTEM OPERATOR

14

250 Outcropping Way
Folsom, CA 95630

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Proof of Service*                                    Page 4

EXHIBIT B



AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY CO. <br>                PLAINTIFF, <br> v. <br><br> SAN DIEGO GAS & ELECTRIC COMPANY; ARIZONA PUBLIC SERVICE COMPANY; PINNACLE WEST CAPITAL CORPORATION; IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION; WESTERN ELECTRICITY COORDINATING COUNCIL; CALIFORNIA INDEPENDENT SYSTEM OPERATOR AND DOES 1 THROUGH 10, INCLUSIVE <br>                DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No.   12CV2201 CAB BGS <br> ) <br> ) <br> ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

               Dennis A. Cammarano <br>                555 East Ocean Boulevard, Suite 501 <br>                Long Beach, CA 90802

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                 W. Samuel Hamrick, Jr.

                                *CLERK OF COURT*

Date:      9/11/12                     S/  C.Lopez

                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   12CV2201 CAB BGS                          Date Issued:        9/11/12

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

### NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

DENNIS A. CAMMARANO/BAR NO. 123662
JEREMY B. GARD/BAR NO. 269265
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
Telephone: (562) 495-9501
Facsimile: (562) 495-3674

Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY CO.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY CO. | Case No.: '12CV2201 CAB BGS |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | 1. NEGLIGENCE; |
| SAN DIEGO GAS & ELECTRIC COMPANY; ARIZONA PUBLIC SERVICE COMPANY; PINNACLE WEST CAPITAL CORPORATION; IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION; WESTERN ELECTRICITY COORDINATING COUNCIL; CALIFORNIA INDEPENDENT SYSTEM OPERATOR and DOES 1 through 10, inclusive | 2. CONVERSION; 3. UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES CAL B&P 17200 |
| Defendants. | |

## PARTIES

Plaintiff STARR INDEMNITY & LIABILITY CO., alleges as follows:

1.    Plaintiff, STARR INDEMNITY & LIABILITY CO., (hereinafter "STARR" or "Plaintiff") is an insurance corporation authorized to do business in the State of California with an office and place of business at 399 Park Avenue, 9th

*Complaint for Damages*

1   Floor, New York, New York, 10022.  Plaintiff brings this action on its own behalf

2   and on behalf of all others having any interest in the Cargo referred to below in that

3   Plaintiff insured against the risks of loss alleged below.

4          2.       Plaintiff's insured, National City Grocery Outlet ("National City"),

5   is in the business of the storage and sale of frozen foodstuffs and authorized to do

6   business in the state of California with an address and place of business at 3446

7   Highland Avenue, National City, CA 91950.

8          3.       Plaintiff brings this action on its own behalf and on behalf of all other

9   having any interest in the property described below in that Plaintiff paid for

10  National City's loss and is subrogated to National City's rights regarding the same.

11         4.       Defendant SAN DIEGO GAS & ELECTRIC COMPANY

12  ("SDG&E") is, and at all times mentioned herein was, a privately owned utility

13  duly organized pursuant to the Municipal Utility Act of California and existing

14  under the laws of the State of California with an address and principal place of

15  business at 101 Ash Street, San Diego, CA 92101.  At all times herein mentioned,

16  Defendant SDG&E as a common carrier, supplied electricity for parts of San Diego

17  County.  As part of these responsibilities, Defendant SDG&E supplied electricity

18  to Plaintiff's facility.

19         5.       Defendant ARIZONA PUBLIC SERVICE COMPANY ("APS"), a

20  subsidiary of PINNACLE WEST CAPITAL CORPORATION ("PWCC") is, and

21  at all times mentioned herein was, a privately owned Arizona corporation and

22  utility with an address and principal place of business at 400 North 5th Street, MS

23  8695, Phoenix, Arizona 85004.

24         6.       Defendant IMPERIAL IRRIGATION DISTRICT FINANCING

25  CORPORATION ("IMPERIAL") is, and at all times mentioned herein was, a

26  California corporation with an address and principal place of business at 333 East

27  Barioni Boulevard, Imperial, California 92251.

28         7.       Defendant WESTERN ELECTRICITY COORDINATING

*Complaint for Damages*                                                                                 *Page 2*

1  COUNCIL ("WECC") is, and at all times mentioned herein was, a Utah not-for-

2  profit corporation with an address and principal place of business at 155 North 400

3  West, Suite 200, Salt Lake City, Utah 84103.

4       8.    Defendant CALIFORNIA INDEPENDENT SYSTEM OPERATOR

5  ("CAL ISO") is, and at all times mentioned herein was, a California corporation

6  with an address and principal place of business at 250 Outcropping Way, Folsom,

7  California 95630.

8       9.    Plaintiff has no knowledge of the true names and capacities of

9  Defendants sued herein as Does 1 through 20 inclusive, except that Plaintiff is

10  informed and believes, and on that basis alleges, the damages herein alleged were

11  proximately caused by Defendants' wrongful acts.  Plaintiff therefore sues these

12  Defendants by such fictitious names and Plaintiff will amend this complaint to

13  allege their true names and capacities when ascertained.

14      10.    Plaintiff is informed and believes, and on that basis alleges, that each

15  of the Doe Defendants were at all times herein mentioned the agent, servant,

16  employee or contractor of the other Defendants.

17                    **JURISDICTION AND VENUE**

18      11.    This is a claim for damage to property and is a civil case giving rise

19  jurisdiction under 28 U.S.C. §1331 and the court's supplemental jurisdiction in that

20  the claims herein implicate federal statutes, including the Electric Consumers

21  Protection Act and Energy Policy Acts of 2005 and 1992, as hereinafter more fully

22  appears.  Plaintiff brings this action on its own behalf and on behalf of all other

23  parties having any interest in the cargo and equipment referred to below.

24      12.    An actual controversy of a justiciable nature exists between STARR

25  and Defendants involving the rights and obligations under a contract of insurance

26  and, depending on the construction of said contract, the aforesaid controversy can

27  be determined by a judgment of this Court without further suit.

28      13.    Venue is proper in this District because a substantial part of the events

*Complaint for Damages*                                                    *Page 3*

1   giving rise to STARR's claims herein occurred in this District, including, but not

2   limited to the damage to the property.

3                              **UNDERLYING FACTS**

4         14.    According to reports, on September 8, 2011, in Phoenix, AZ, the

5   North Gila-Hassayampa 500 kV transmission line near Yuma, AZ, which was

6   operated and maintained by APS (and, therefore, PWCC, as APS is PWCC's

7   subsidiary), tripped off line due to negligent repair work resulting in a major power

8   outage across Southwest Arizona and into Southern California.  The power was not

9   restored for many hours.

10        15.    The SDG&E blackout could have been prevented if SDG&E had

11  conducted long-term and short-term operational planning studies needed to

12  understand certain vulnerabilities and their operational implications.  Specifically,

13  their planning studies (1) did not adequately identify and study critical external

14  facilities; (2) did not adequately analyze potential contingency scenarios; (3) were

15  based on inaccurate models and invalid system operating limits (SOLs) and (4) did

16  not set up the protective reply plan according to FERC/NERC guidelines.

17        16.    Significant overloading occurred on three of IMPERIAL's 230/92 kV

18  transformers located at the Coachella Valley and Ramon substations, as well as on

19  Western Electricity Coordinating Council Path 44, located south of the San Onofre

20  Nuclear Generating Station in Southern California.

21        17.    The overloads had a ripple effect, as transformers, transmission lines,

22  and generating units tripped offline, initiating automatic load shedding throughout

23  the region in a relatively short time span. Just seconds before the blackout, Path 44

24  carried all flows into the San Diego area as well as parts of Arizona and Mexico.

25  Eventually, the excessive loading on Path 44 initiated an inter-tie separation

26  scheme at San Onofre Nuclear Generating Station, designed to separate SDG&E

27  from Southern California Edison. The San Onofre Nuclear Generating Station

28  separation scheme separated SDG&E from Path 44, led to the loss of the San

*Complaint for Damages*                                                *Page 4*

1   Onofre Nuclear Generating Station nuclear units, and eventually resulted in the

2   complete blackout of San Diego.

3        18.    On September 8, 2011, at approximately 3:45 p.m., National City

4   reported losing power. National City took immediate measures were to mitigate

5   the impact of the outage. However, outside temperatures were approaching 100°F

6   and the temperature inside the facility rose to 85°F. The product in the aisle

7   coolers were without refrigeration and exposed to extreme temperatures.

8        19.    On September 9, 2011, the owner of National City returned to the

9   store and discovered the store's electricity had been restored, but the freezers were

10   non-operational. Power surges had occurred during the night of September 8,

11   2011, which caused an electrical failure in National City's refrigeration

12   compressors.

13        20.    By reason of the foregoing, National City suffered damaged product

14   and equipment. Thus, Plaintiff has been damaged in the sum of $55,310.18, plus

15   miscellaneous expenses, interest and costs, no part of which has been paid by

16   Defendants despite demand therefor.

17                 **FIRST CAUSE OF ACTION**

18            NEGLIGENCE - PUBLIC ENTITY LIABILITY

19        21.    Plaintiff refers to paragraphs 1 through 20, inclusive of this

20   complaint and incorporates them herein as though fully set forth.

21        22.    Plaintiff is informed and on the basis alleges that on dates including and

22               September 8, 2011, Defendants negligently

23   and carelessly operated the distribution and electricity distribution to and in San

24   Diego County.

25        23.    The operation, management, control, repair and maintenance of the

26   electricity in San Diego County by Defendants were unreasonable. Accordingly,

27   Defendants cannot avail themselves to any immunity otherwise afforded to them

28   by California <u>Government Code</u>, §830.6, or otherwise.

*Complaint for Damages*                                       *Page 5*

1    24.    Further, Defendants owed a duty of care as coordinators, planners,
2  facilitators, distributors, transmitters, resource integration planners, data, analysis
3  and study providers, mangers, wholesale and retail utility generators, transmitters,
4  distributors and providers of electricity, and the monitoring of the serviceability of
5  the electricity and to properly maintain the technology to isolate power outages to
6  an area not including that serviced to National City.  Defendants breached their
7  duty of care when they failed to monitor the serviceability of the electricity and to
8  properly maintain the electricity to ensure proper functioning.  The negligence of
9  said Defendants, and each of them, foreseeably created a dangerous condition
10  which resulted in damage to National City.

11    25.    On September 8, 2011, National City's personal property, insured by
12  Plaintiff, was damaged and destroyed as a proximate result of the negligence of
13  Defendants SDG&E and Does 1 to 20 when the power outage occurred and
14  ensuing period until full, stable and smooth power level was restored.  As a result,
15  Plaintiff suffered damage in an amount not less than $55,310.18.

16    26.    Plaintiff incorporates by reference the allegations of plaintiffs first
17  amended complaint in the case entitled Busalachi et al. v. Arizona Public Service
18  Company, et al. pending under case number 12-CV-00298-H (RBB) which is a
19  related matter.

20    27.    On or about April 6, 2012, Plaintiff's insured presented its claim to
21  Defendants in care of SDG&E by delivering a Claims Form to the Claims
22  Department of SDG&E for damages and losses suffered, in compliance with
23  California Governmental Code §905.

24    28.    On April 11, 2012, Defendant SDG&E provided written notice that
25  the claim by Plaintiff's insured was rejected.

26    29.    As a direct and proximate result of such conduct by Defendants,
27  Plaintiff has been damaged in the sum of $55,310.18, plus miscellaneous expenses,
28  interest and costs, no part of which has been paid by Defendants despite demand

1    thereof.

2    ## SECOND CAUSE OF ACTION

3    ## CONVERSION

4      30. Plaintiff refers to paragraphs 1 through 29, inclusive, of this

5    complaint and incorporates them herein as though fully set forth.

6      31. Plaintiff is the subrogated insurer of National City.  At all time

7    relevant to this litigation, National City owned the product and equipment that was

8    damaged due to the power outage and ensuing surges.

9      **32.** On or around September 8, 2011, Defendants wrongfully interfered

10   with National City's interest in the damaged product when they allowed the failure

11   of the technology which would have isolated the power outage to a localized area

12   and, the maintenance and repair of which were the sole duty and responsibility of

13   Defendants, causing damage to National City's personal property.

14     31. As a result of the failure to maintain and repair the isolation

15   technology by Defendants, National City's refrigerated products and refrigeration

16   compressors were damaged, preventing National City's use of the items.

17     32. In so acting, Defendants converted the property.

18     33. As a result, Plaintiff has been damaged in an amount not less than

19   $55,310.18, plus miscellaneous expenses, interest and costs, no part of which has

20   been paid by Defendants despite demand thereof.

21   ## SECOND CAUSE OF ACTION

22   ## UNLAWFUL BUSINESS PRACTICE UNDER

23   ## CALIFORNIA BUS. &PROF. CODE 17200

24     34. Plaintiff refers to paragraphs 1 through 33, inclusive, of this

25   complaint and incorporates them herein as though fully set forth.

26     31. Plaintiff is the subrogated insurer of National City.  At all time

27   relevant to this litigation, National City owned the product and equipment that was

28   damaged due to the power outage and ensuing surges.

*Complaint for Damages*                *Page 7*

1      32.   Defendants are guilty of those number acts identified in the amended

2  complaint of the related matter which constitute a violation of the California

3  Business and Professions Code 17200 ("B&P 17200") which the court has already

4  ruled upon state a valid cause of action.  Plaintiff herein also incorporates by

5  reference the Federal Nuclear and Regulatory Commission report which was made

6  part of Defendants' motion to dismiss in the related matter which the court

7  accepted by the court without objection.

8      33.   As a result of such acts and practices, Defendants have committed one

9  or more acts or failures violative of the B&P 1700 causing damage to Plaintiff and

10  requiring injunctive, declaratory and corrective relief.

11      WHEREFORE, Plaintiff prays for judgment as follows:

12      1.   For general damages in the principal sum of $55,310.18, plus

13  miscellaneous expenses, interest and costs;

14      2.   For pre-judgment at the rate of 10% per annum, from September 8,

15  2011;

16      3.   For post-judgment interest at the rate of 10% per annum;

17      4.   For the costs of suit incurred herein; and;

18      5.   For such other and further relief as the Court may deem just and

19          proper.

20  Dated:     September 10, 2012        CAMMARANO LAW GROUP

21

22                        By:   s/Dennis A. Cammarano

23                           Dennis A. Cammarano

                              Jeremy B. Gard

24                           Attorneys for Plaintiff,

                              STARR INDEMNITY &

25                           LIABILITY CO.

                              316212 - fed.wpd

26

27

28

*Complaint for Damages*                                   *Page 8*

Case 3:12-cv-02201-CAB-BGS   Document 1-1   Filed 09/10/12   Page 1 of 2

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

'12CV2201 CAB BGS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STARR INDEMNITY & LIABILITY CO.

**DEFENDANTS**
SAN DIEGO GAS & ELECTRIC COMPANY; ARIZONA PUBLIC SERVICE COMPANY; PINNACLE WEST CAPITAL CORPORATION IMPERIAL IRRIGATION DISTRICT FINANCING CORPORATION;

**(b)** County of Residence of First Listed Plaintiff   New York, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

WESTERN ELECTRICITY COORDINATING COUNSEL; CALIFORNIA INDEPENDENT SYSTEM OPERATOR and DOES 1 through 10, inclusive

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cammarano Law Group   OR:3162
555 E. Ocean Blvd., Suite 501, Long Beach, CA 90802
(562) 495-9501

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Section 791   28:1345   Property Damage (CX)
Brief description of cause:
Negligence; Conversion; Unlawful, Unfair and Deceptive Business Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 55,310.18

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Marilyn L. Huff   DOCKET NUMBER   3:12-cv-00298-H (RBB)

DATE   09/10/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

JS 44 Reverse  (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district court under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.        Example:        U.S. Civil Statute: 47 USC 553
                                                        Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

Case 3:12-cv-02201-H-RBB   Document 3   Filed 09/17/12   Page 1 of 1

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Starr Indemnity & Liability Co.

                             Plaintiff,

    V.

San Diego Gas & Electric Company et al

                             Defendant

No.    12CV2201-CAB-RGS

12 SEP 17  PM 3: 07

**REPORT OF CLERK AND ORDER OF TRANSFER PURSUANT TO "LOW-NUMBER" RULE**

DEPUTY

## REPORT OF CLERK PURSUANT TO LOW NUMBER RULE

Re:    "Low Numbered" Case No.    12CV0298-H-RBB

       Title:       Busalacchi et al v. Arizona Public Service Company et al

       Nature of Case:    380 Personal Property: Other

The above "low numbered" case and the present case appear

  **X**   (1)       to arise from the same or substantially identical transactions, happenings or events; or

  **X**   (2)       involve the same or substantially the same parties or property; or

  _____  (3)       involve the same patent or trademark or different patents or trademarks covering the same or substantially identical things; or

  **X**   (4)       call for determination of the same or substantially identical questions of law; or

  **X**   (5)       where a case is refiled within one year of having previously been terminated by the Court; or

  **X**   (6)       for other reasons would entail unnecessary duplication of labor if heard by different judges.

New Case #:    12CV2201-H-RBB

This case was transferred pursuant to the Low Number Rule.  The related cases have been assigned to the same judge and magistrate judge but they are NOT CONSOLIDATED at this point; all pleadings must still be filed separately in each case.

                        **W. Samuel Hamrick, Jr.**, Clerk of Court ,

DATED:   September 13, 2012     By: s./Y.Barajas

                              (By) Deputy,

## ORDER OF TRANSFER PURSUANT TO "LOW NUMBER" RULE

I hereby consent to transfer of the above-entitled case to my calendar pursuant to Local Rule 40.1, Transfer of Civil Cases under the "Low Number" Rule.

DATED:  9/13/12

                              Marilyn L. Huff
                           United States District Judge

It appearing that the above-entitled case is properly transferable in accordance with the provisions of the "Low Number" Rule, IT IS HEREBY ORDERED that this case is transferred to the calendar of Judge Marilyn L. Huff and Magistrate Judge Ruben B. Brooks for all further proceedings.

DATED:  9/14/12

                              Cathy Ann Bencivengo
                           United States District Judge

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

STARR INDEMNITY & LIABILITY CO. v. SDG&E          Case No. 12cv2201 H(RBB)

HON. RUBEN B. BROOKS       CT. DEPUTY VICKY LEE                    Rptr.

Attorneys

              Plaintiffs                          Defendants

_____          _____
_____          _____
_____          _____

PROCEEDINGS:  _____  In Chambers  _____  In Court  _____  Telephonic

Magistrate Judge Ruben B. Brooks recuses himself from the above-referenced
case.  This case is reassigned to Magistrate Judge David H. Bartick.

DATE: September 19, 2012          IT IS SO ORDERED:  _Ruben Brooks_____
                                                     Ruben B. Brooks,
                                                     U.S. Magistrate Judge
cc:  Judge Huff                                      INITIALS: VL (mg)  Deputy
     Magistrate Judge Bartick
     All Parties of Record

I:\Chambers Brooks\RECUSALS\STARRINDEMNITY2201.wpd

Exhibit B
091